ENTERPRISE WINDOW CLEANING Co., INC., et al., Respondents, *v.* PETE SLOWUTA, as President of the Window Cleaners Protective Union, Local No. 2, Appellant.

Argued April 12, 1949; decided June 2, 1949.

*Michael F. Pinto* and *Benjamin D. Stein* for appellant. I. A proper showing was made to Special Term by defendant union justifying the exercise of its power to vacate or modify its decree. (*Western Union Tel. Co.* v. *International Brotherhood of Elec. Workers,* 133 F. 2d 955.) II. Peaceful picketing by members

of the union of an employer's customers does not constitute per se an illegal secondary boycott. (*Commercial House & Window Cleaning Co.* v. *Awerkin,* 226 App. Div. 734; *Superior House & Window Cleaning Co.* v. *Awerkin,* 228 App. Div. 617; *Spanier Window Cleaning Co.* v. *Awerkin,* 225 App. Div. 735, 228 App. Div. 617; *Goldfinger* v. *Feintuch,* 276 N. Y. 281; *Wohl* v. *Bakery & Pastry Drivers' Union,* 284 N. Y. 788, *Bakery & Pastry Drivers Union* v. *Wohl,* 315 U. S. 769; *People* v. *Muller,* 286 N. Y. 281; *Schivera* v. *Long Island Lighting Co.,* 296 N. Y. 26; *Cafeteria Employees Union* v. *Angelos,* 320 U. S. 293; *Lo Bianco* v. *Holt,* 189 Misc. 113.)

*George P. Halperin, Leon Dicker* and *Fred S. Weitzner* for respondents. I. Since the order appealed from rested in the discretion of the Appellate Division, the appeal therefrom presents no point for review and should be dismissed. (*Matter of People [Second Russ. Ins. Co.],* 244 N. Y. 606; *Matter of Davids* v. *Sillcox,* 297 N. Y. 355; *United States* v. *Swift & Co.,* 286 U. S. 106.) II. There was ample basis for the discretion here exercised by the Appellate Division. (*Milk Wagon Drivers Union* v. *Meadowmoor Dairies,* 312 U. S. 287.) III. The picketing of plaintiffs' customers, admittedly constituting a secondary boycott in 1933, is no less an illegal labor objective today. Hence, assuming that power existed to alter the final judgment which had stood unchallenged for over fourteen years, no case for the exercise of such power was presented by defendant's motion to amend the judgment so as to authorize the revival of such picketing. (*United States* v. *Swift & Co.,* 286 U. S. 106; *Milk Wagon Drivers' Union* v. *Meadowmoor Dairies,* 312 U. S. 287; *People* v. *Riley,* 188 Misc. 969; *Herpe* v. *Herpe,* 225 N. Y. 323; *Feinberg* v. *Feinberg,* 180 Misc. 305; *West 158th St. Garage Corp.* v. *State of New York,* 256 App. Div. 401; *Sears, Roebuck & Co.* v. *9 Ave.–31 St. Corp.,* 274 N. Y. 388; *Opera on Tour* v. *Weber,* 285 N. Y. 348; *Canepa* v. *" John Doe ",* 277 N. Y. 52; *Weil & Co.* v. *" John Doe ",* 168 Misc. 211; *Silverglate* v. *Kirkman,* 171 Misc. 1051; *Chapman* v. *Doe,* 255 App. Div. 893; *Elizabeth Arden Sales Corp.* v. *Hawley,* 176 Misc. 821, 261 App. Div. 953; *Jacobs* v. *Eisen,* 272 App. Div. 976; *Mayer Bros. Poultry Farms* v. *Meltzer,* 274 App. Div. 169.) IV. Assuming, *arguendo,* that the picketing of premises of plaintiffs' customers was removed from the cate-

gory of a secondary boycott by judicial doctrine evolved subsequent to the 1933 decree, such picketing is nevertheless within the proscription of the unfair labor practices provisions of the Federal Labor Management Relations Act of 1947 (the Taft-Hartley Law), whereby Congress declared a new public policy with respect to labor relations and which furnished a standard of judgment in cognate situations for all courts. In such circumstances the granting of the application to modify the decree, if not constituting error of law, was at least a gross abuse of discretion, which the Appellate Division properly corrected. (*Truax* v. *Corrigan*, 257 U. S. 312; *Van Beeck* v. *Sabine Towing Co.*, 300 U. S. 342; *United States* v. *Hutcheson*, 312 U. S. 219; *South & Central Amer. Commercial Co.* v. *Panama R. R. Co.*, 237 N. Y. 287.)

*Per Curiam.* While we would agree with much that is said by Judge DESMOND, we cannot overlook that this is not an appeal from a judgment enjoining certain conduct, but an appeal from an order denying appellant's application to modify an injunction entered by consent many years ago. The principles enunciated in the dissent have little if anything to do with the matter before us for the question posed is exceedingly narrow: whether the court below has abused its discretion in denying the application. The modification of an injunctive decree must rest upon a clear showing that the evils which justified the prohibition have vanished. No such proof is disclosed by this record. On the contrary, it is undisputed that violence and assault recurred many years after entry of the decree. Defendant did not prove — indeed did not undertake to prove — that " dangers, once substantial, have become attenuated to a shadow " (*United States* v. *Swift & Co.*, 286 U. S. 106, 119). In those circumstances we cannot hold that the Appellate Division has abused its discretion, or that the rights of the union's members under the Federal Constitution have been violated (*Milk Wagon Drivers' Union* v. *Meadowmoor Dairies*, 312 U. S. 287, 296). Absent those considerations, it cannot be questioned that this dispute presents a situation in which peaceful picketing of plaintiffs' customers to exert pressure upon plaintiffs would be permissible under the law of this State (*People* v. *Muller*, 286 N. Y. 281). Section 876-a of the Civil Practice Act, which limits any " labor dispute "

injunction to an effective period of not more than six months, took effect subsequent to the entry of the injunction here in question. We do not consider the propriety of the court's reference to the policy expressed in subdivision (b) of section 8 of the National Labor Relations Act, as amended by section 101 of the Labor Management Relations Act, 1947 (U. S. Code, tit. 29, § 158, subd. [b]).

The order of the Appellate Division should be affirmed, with costs.

DESMOND, J. (dissenting). I dissent and vote to reverse, and to modify the 1933 injunction so as to remove the ban against peaceful picketing of the business places of plaintiffs' customers. I agree with Justice SHIENTAG's dissenting opinion in the Appellate Division, but, because of the difference between the jurisdiction of that court and ours, in such a situation, I comment further.

Ordinarily, the vacatur or modification of an injunction decree, originally entered on consent, would be discretionary with the Appellate Division, and its refusal so to modify would not, ordinarily, set up any question of law for our review. But a clear abuse by the Appellate Division of its discretion empowers us to review and requires us to reverse (*Bunim* v. *Bunim,* 298 N. Y. 391; see cases cited by Judge CRANE at pages 13 and 14 of *Jensen* v. *Union Ry. Co.,* 260 N. Y. 1). The order of the Appellate Division here appealed from was, in my view, totally unlawful since it deprived defendant union's members of their clear, plain constitutional rights.

The 1933 injunction was signed, on consent, at a time when defendant was charged with, and presumably' was guilty of, violent picketing, and of boycott of plaintiffs' customers, a boycott considered illegal because it had as its object the coercion of plaintiffs to join a certain employer's association. The facts then existing presumably justified an injunction, even one so sweeping as to deny defendant's right of peaceful picketing, since such picketing as there was in 1933, was for an illegal objective. But long years have passed, and now, sixteen years later, the members of defendant union, because of what they or their officers (or their predecessor officers or members) did in 1933, must, says the Appellate Division, still be forbidden their rights as citizens — and presumably their successors will still

be under the same ban in the year 1999, or 2049, if the union should last that long — and all because of what happened in 1933. (There is, it should be said, some showing here of illegal activity against plaintiffs by this union as late as 1938, but giving plaintiffs' affidavits every possible effect, it remains that at least since 1938, there has been no violation of public order or propriety by defendant.) How long must this union stay on probation?

That defendant union (as an original proposition aside from the 1933 injunction) had a right to picket plaintiffs' customers can hardly now be doubted (*People* v. *Muller,* 286 N. Y. 281, and cases therein cited; see *Schivera* v. *Long Island Lighting Co.,* 296 N. Y. 26). The Taft-Hartley Law's prohibitions (U. S. Code, tit. 29, § 158, subd. [b], par. [4]) obviously have no application here. If we are seeking for statutory guidance, we should find it in our own State law: section 876-a of the Civil Practice Act defines a " labor dispute " so as to include the situation now existing in this case, forbids an original injunction on the present facts of this case, and limits any " labor dispute " injunction to an effective period of not more than six months.

In my view, the further continuation of so much of this old injunction as forbids peaceful and lawful picketing, without any showing of any present danger of violence or other wrongs, is such a denial of defendant's members' rights as to be beyond the power of any court, and so, necessarily, an abuse of judicial discretion (*Matter of Bojinoff* v. *People,* 299 N. Y. 145, 151).

LOUGHRAN, Ch. J., LEWIS, CONWAY, DYE, FULD and BROMLEY, JJ., concur in *Per Curiam* opinion; DESMOND, J., dissents in opinion.

Order affirmed.