Per Curiam.

Defendant, who by a judgment entered by consent in 1939 had previously been enjoined under the Martin Act (General Business Law, art. 23-A) from engaging in the securities business except as an employee of a reputable dealer or broker, moved at Special Term to amend and so modify that judgment that it would permit him to become a partner in any reputable stock brokerage firm registered in New York. The order granting this amendment has been reversed by the Appellate Division, Second Department, because in its opinion defendant’s subsequent conduct since 1939 which has been shown to be “ ethical, exemplary and beyond reproach ” is “ an inadequate basis for the amendment
*462 On .this appeal defendant contends •(!) that Special Term has the power to modify a permanent injunction issued under the Martin Act and (2) that proof of subsequent exemplary conduct for 20 years may, without more, be sufficient to warrant the positive exercise of that discretion.
As to (.1): It is basic law that * ‘ modification of an injunctive decree [may] rest upon a clear showing that the evils which justified the prohibition have vanished” (Enterprise Window Cleaning Co. v. Slowuta, 299 N. Y. 286, 288; Drivers Union v. Meadowmoor Co., 312 U. S. 287, 298). There is nothing either in the statute itself or its legislative history tending to indicate an intent by the Legislature to alter the recognized power of an equity court to ‘ ‘ change its decrees where there has been a change of circumstances ” (Dictograph Prods, v. Empire State Hearing Aid Bur., 4 A D 2d 508, 510).
As to (2): The Appellate Division has held that subsequent exemplary conduct is irrelevant as a matter of law. Since the Supreme Court has the power to amend or modify the judgment, the court at Special Term or the Appellate Division may consider as the basis for the modification of the judgment, defendant’s proven subsequent praiseworthy conduct in the securities business in the period of time subsequent to the entry of the judgment. The weight to be given such proof, where the public interest is involved, depends in each case on its special facts and the surrounding circumstances. But in no case should the court determine the propriety of the relief sought by the defendant on affidavits alone. Eligibility may be restored only by an order entered after a formal hearing during which the movant and witnesses may be examined.
The order of the Appellate Division, accordingly, should be reversed and the matter remanded to Special Term for a hearing.