In the Matter of HYMAN ABRAMS, an Attorney, Respondent. CO-ORDINATING COMMITTEE ON DISCIPLINE OF THE ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, THE NEW YORK COUNTY LAWYERS' ASSOCIATION and the BRONX COUNTY BAR ASSOCIATION, Petitioner.

First Department, March 2, 1972.

*Howard Roberts Shapiro* for petitioner.

*Owen & Turchin* for respondent.

*Louis J. Lefkowitz* (*Philip Kahaner* and *Brenda Soloff* with him on the brief), Attorney-General of the State of New York.

*Per Curiam.* By petition dated October 20, 1971, the Co-ordinating Committee on Discipline seeks an order striking the name of Hyman Abrams from the roll of attorneys pursuant to subdivision 4 of section 90 of the Judiciary Law of the State of New York.

Respondent was admitted to practice as an attorney and counselor at law at a term of the Appellate Division, Second Department, in December, 1951.

Respondent was convicted in the United States District Court for the Southern District of New York on August 12, 1969 of willfully making false statements in two documents — an affidavit and an application to extend a client's temporary stay in this country — submitted by him to the United States Immigration and Naturalization Service, in violation of sections 2 and 1001 of title 18 of the United States Code. He has served a one-year sentence of imprisonment. His conviction was affirmed by the United States Second Circuit Court of Appeals and certiorari was denied by the United States Supreme Court.

Sections 2 and 2051 of the former New York Penal Law in effect at the times respondent committed the acts complained of, made the filing of false instruments a felony.

Respondent resists discipline on two grounds: (1) the false affidavit and the false application, for the making and filing of which he was convicted, are not "instruments" within the meaning of the mentioned New York Penal Law sections; and (2) that subdivision 4 of section 90 of the Judiciary Law denies him due process of law and the equal protection guaranteed by the Fourteenth Amendment of the United States Constitution.

Respondent argues that he was not convicted of filing an "instrument" within the meaning of section 2051. While it is true that the term "instrument" was not defined by the former New York Penal Law and that it has been held by the Court of Appeals (see *People* v. *Sansanese,* 17 N Y 2d 302 [1966]) that an application for a motor vehicle license was not an "instrument" within the meaning of section 2051, we are

foreclosed from considering that argument by our recent decision in *Matter of Mantzaris* (37 A D 2d 308 [1971]), where we held that an attorney convicted of violation of sections 2 and 1001 of title 18 of the United States Code will be considered to have been convicted of a crime cognizable as a felony under sections 2 and 2051 of the former New York Penal Law. Recognizing the authority of *Mantzaris*, respondent has vainly attempted to draw a distinction between an affidavit and an application, and a petition, in an immigration matter. We can perceive no valid basis for such a distinction. Both such documents are instruments calculated to affect action by the immigration authorities.

Although subdivision 4 of section 90 provides for automatic disbarment upon conviction (*Matter of Barash*, 20 N Y 2d 154 [1967]) respondent's constitutional guarantee of due process was safeguarded by his jury trial and appellate review. The respondent has failed to meet his heavy burden of showing that the law he seeks to declare unconstitutional is essentially arbitrary and does not rest upon any reasonable basis. (See *Morey* v. *Doud*, 354 U. S. 457 [1957]; *Matter of Van Berkel* v. *Power*, 16 N Y 2d 37, 40 [1965].)

Respondent stands convicted of a crime cognizable as a felony under the law of New York. Pursuant to the provisions of subdivision 4 of section 90 of the Judiciary Law, he ceases to be an attorney and counselor at law or competent to practice law as such upon such conviction. Accordingly, his name should be stricken from the role of attorneys. (See *Matter of Sheinman*, 277 App. Div. 39; *Matter of Kopolsky*, 37 A D 2d 403.)

McNALLY, J. (concurring). The respondent was convicted in the United States District Court for the Southern District of New York in August of 1969 on the charge of filing false immigration documents (U. S. Code, tit. 18, §§ 2 and 1001). Under sections 2 and 2051 of the former New York Penal Law, in effect at the time, the filing of false immigration documents is a felony. (*Matter of Mantzaris*, 37 A D 2d 308.) Therefore, pursuant to subdivision 4 of section 90 of the Judiciary Law, the respondent ceases to be an attorney and counselor at law, and his name should be stricken from the roll of attorneys.

STEVENS, P. J., CAPOZZOLI, McGIVERN and NUNEZ, JJ., concur in *Per Curiam* opinion; McNALLY, J., concurs in separate opinion.

Respondent's name struck from the roll of attorneys and counselors at law in the State of New York.