# In the Matter of EUGENE L. SUGARMAN, an Attorney.

First Department, February 17, 1976

*John G. Bonomi (Saul Friedberg* of counsel), attorney for Association of the Bar of the City of New York.

*Eugene L. Sugarman, pro se.*

*Per Curiam.* This is a motion for an order vacating an order of this court dated January 6, 1972, which struck movant's name from the roll of attorneys and counselors at law of the State of New York (38 AD2d 93).

The question presented is whether the New York Legislature, in adopting article 23 of the Correction Law (§§ 701-703), meant to grant to the New York State Board of Parole power to reinstate a former member of the Bar, convicted of a felony, by issuance of a certificate of relief from disabilities. We hold not.

Movant was admitted to the Bar of this State on June 29, 1942. He was convicted on June 28, 1971 of bribe receiving

and taking unlawful fees, felonies under section 200.10 of the Penal Law and section 1826 of the former Penal Law. He was sentenced to imprisonment for a term of one to four years.

By reason of that conviction, pursuant to subdivision 4 of section 90 of the Judiciary Law he automatically ceased to be a member of the Bar, and this court struck his name from the roll of attorneys and counselors at law by the order here sought to be vacated. (38 AD2d 93.)

On June 18, 1975, the New York State Board of Parole issued to movant a certificate of relief from disabilities pursuant to section 703 of the Correction Law. Movant contends that by reason of that certificate his conviction should no longer be deemed a conviction within the meaning of subdivision 4 of section 90 of Judiciary Law; that accordingly he is once again an attorney and counselor at law; and that the order striking his name from the roll should therefore be vacated.

The Association of the Bar of the City of New York opposes the application, arguing that section 701 of the Correction Law relating to the effect of certificates of relief from disabilities, does not apply to attorneys at law.

The statute says that upon the granting of such a certificate the previous conviction shall not "be deemed to be a conviction within the meaning of any provision of law that imposes, by reason of a conviction, a bar to any employment, a disability to exercise any right or a disability to apply for or to receive any license, permit or other authority or privilege, covered by the certificate" (Correction Law, § 701, subd 2).

Our basic difficulty with movant's interpretation is that it runs contrary to the unbroken tradition and history that control of membership of the Bar rests in the courts and not in any administrative agency. To be a member of the Bar connotes more than an "employment * * * license, permit, or other authority or privilege". Members of the Bar are officers of the court.

Although the Legislature has stated some disqualifications for membership in the Bar (Judiciary Law, § 90, subd 4; § 460), no instance has been called to our attention nor are we aware of any where an administrative agency has exercised the power of admission to or exclusion from the Bar. All this is within the control of the courts.

Thus subdivision 2 of section 90 of the Judiciary Law provides: "The supreme court shall have power and control

over attorneys and counsellors-at-law". The Court of Appeals makes rules for examination and admission of candidates for admission to the Bar (Judiciary Law, § 53), appointing the State Board of Law Examiners to aid it and to conduct examinations (Judiciary Law, § 56). The Appellate Divisions of the Supreme Court appoint Committees on Character and Fitness as an arm of the court to examine the other qualifications of applicants (Judiciary Law, § 90, subd 1); admission to the Bar is then by the Appellate Divisions (id.). Disbarment and suspension from the Bar is again by the Appellate Divisions of the Supreme Court (Judiciary Law, § 90, subd 2).

It is not necessary to reach the question whether the Legislature has power to make such a drastic change as movant suggests in the historic relation between court and Bar, for we do not think that the Legislature intended or contemplated that the general statute for the relief of convicted persons from civil disabilities should so greatly alter that historic relation, or that an administrative agency should decide whether a particular person should be an officer of the court.

Indeed, the very statute that states that a person ceases to be an attorney on conviction of a felony goes on to state:

"Upon a reversal of the conviction for felony of an attorney and counsellor-at-law, or pardon by the president of the United States or governor of this or another state of the United States, the appellate division shall have power to vacate or modify such order or debarment." (Judiciary Law, § 90, subd 5.)

Thus not even reversal of the underlying conviction itself or pardon by the Governor or the President would automatically reinstate a former member of the Bar convicted of a felony. Reversal or pardon would only authorize him to apply to the court which "shall have *power* to vacate or *modify* such order or debarment." It seems to us quite incongruous to argue that the Legislature meant that an act of an administrative agency, which neither questions the validity of the conviction nor addresses itself specifically to membership in the Bar, should have a greater effect.

We note that the Memorandum to the Legislature of the Governor's Special Committee on Criminal Offenders, which recommended enactment of this legislation, did not include membership in the Bar among a list of privileges which the certificate was to restore. (NY Legis Ann, 1966, p 19.) And the

statute defining the effect of certificates of relief from disabilities explicitly provides:

"A certificate of relief from disabilities shall not, however, in any way prevent any judicial, administrative, licensing or other body, board or authority from relying upon the conviction specified therein as the basis for the exercise of its discretionary power to suspend, revoke, refuse to issue or refuse to renew any license, permit or other authority or privilege." (Correction Law § 701, subd 3.)

Further, we note that even the certificate of relief from disabilities is not a complete relief from disabilities. The statute itself contemplates certain rights which the certificate cannot restore, such as the right to hold public office. (Correction Law, § 701, subd 1.)

Finally, we note that by its terms, the certificate "shall be considered temporary until discharged from parole." Movant is on parole until August 6, 1977.

The motion is denied.

KUPFERMAN, J. P., LUPIANO, SILVERMAN, CAPOZZOLI and LANE, JJ., concur.

Motion to vacate order of this court entered on January 6, 1972 denied.