In the Matter of JEROME O. GLUCKSMAN, an Attorney.

First Department, May 5, 1977

*Jerome O. Glucksman,* respondent *pro se.*

*James D. Porter, Jr.,* for petitioner.

*Per Curiam.* This is a motion for an order vacating an order of this court dated September 23, 1971, which struck movant's name from the roll of attorneys and counselors at law of the State of New York (37 AD2d 290). Movant was admitted to the Bar in the First Department in 1934. In May, 1971, he was convicted in the Supreme Court of the crimes of conspiracy to extort and attempted extortion, both of which are felonies. By reason of that conviction he *automatically* ceased to be a member of the Bar pursuant to subdivision 4 of section 90 of the Judiciary Law. "The law is settled that upon a conviction for felony a lawyer is *ipso facto* disbarred and no further action, judicial or otherwise, is required to constitute the fact *(Matter of Ginsberg,* 1 N Y 2d 144; cf. *Matter of Donegan,* 282 N.Y. 285)" *(Matter of Barash,* 20 NY2d 154, 157). "Although subdivision 4 of section 90 provides for automatic disbarment upon conviction [citation] respondent's constitutional guarantee of due process was safeguarded by his jury trial and appellate review" *(Matter of Abrams,* 38 AD2d 334, 336). Thus, in the case of conviction of a crime deemed to be a felony under New York law, the court's discretion under this legislative enactment is foreclosed and an attorney's conviction of such crime is conclusive as to his unfitness to practice law *(Matter of Keogh,* 25 AD2d 499, mod on other grounds 17 NY2d 479).

Subdivision 5 of section 90 of the Judiciary Law provides: "Upon a reversal of the conviction for felony of an attorney and counsellor-at-law, or pardon by the president of the United States or governor of this or another state of the United States, the appellate division shall have power to vacate or modify such order or debarment."

Therefore, to invoke the power of this court, it is necessary that one of the specified conditions be shown—reversal of the felony conviction or a pardon by one of the designated officials (cf. *Matter of Moran,* 35 AD2d 799). Movant not only fails to demonstrate the existence of such condition, but predicates his claim to consideration for reinstatement on the newly enacted sections 750 to 755 of article 23-A of the Correction Law, effective January 1, 1977, entitled "Licensure and Employ-

ment of Persons Previously Convicted of One of More Criminal Offenses" (L 1976, ch 931, § 5). In a memorandum issued on approving the bill, the Governor declared that it "is designed to establish reasonable procedures to prevent the unfair discrimination against former criminal offenders in regard to licensure and employment * * * The bill in no way requires the hiring of former offenders, but provides reasonable standards to be applied by public agencies and private employers when considering applications by former offenders * * * Under the bill, a license or employment could not be denied an individual on the basis of a previous criminal conviction, unless the criminal conduct of which he was convicted has a direct bearing upon his ability or fitness to perform one or more of the responsibilities or duties necessarily related to the license or employment sought, or unless granting the application would pose an unreasonable risk to property or the health or safety of others * * * The great expense and time involved in successfully prosecuting and incarcerating the criminal offender is largely wasted if upon the individual's return to society his willingness to assume a law-abiding and productive role is frustrated by *senseless discrimination*" (McKinney's Sess Laws, 1976, pp 2458-2459; emphasis supplied).

Two observations are made: First, when the Legislature enacted the new general provisions of article 23-A of the Correction Law, aimed at removing senseless discrimination regarding criminal offenders, it is deemed to have notice of its own prior enactment, to wit, subdivisions 4 and 5 of section 90 of the Judiciary Law. Nothing in the language of the new sections, the Governor's memorandum delineated above, nor the historical context of section 90 of the Judiciary Law and the relationship between the Supreme Court and attorneys and counselors at law, would warrant concluding that subdivisions 4 and 5 of section 90 of the Judiciary Law have been superseded or ameliorated in any manner. Second, the conviction for a *felony* visited upon a member of the Bar has historically been deemed conclusive of his *unfitness* to practice law. Under the new statute no relief is provided if "there is a direct relationship between * * * the previous criminal offenses and the specific license * * * sought" (Correction Law, § 752, subd [1]). Further, said statute mandates that the public agency or private employer consider in making a determination the "bearing * * * the criminal offense * * * for which

the person was previously convicted will have on his fitness * * * to perform * * * duties or responsibilities" (Correction Law, § 753, subd 1, par [c]).

Finally, movant relates that he has received a certificate of relief from disabilities (pursuant to article 23-A of the Correction Law) and equates such certificate with an executive pardon. The certificate itself recites that it "shall NOT be deemed nor construed to be a pardon" and the distinction between an executive pardon, a certificate of relief from disabilities and a certificate of good conduct is maintained in the newly enacted sections of the Correction Law (Correction Law, § 751). In *Matter of Sugarman* (51 AD2d 170, mot for lv to app den 39 NY2d 707) we held that article 23 of the Correction Law (§§ 701-703), granting to the Board of Parole the power to issue a certificate of relief from disabilities, does not grant to the board the power to reinstate a former member of the Bar who was convicted of a felony.

In conclusion, note is taken that we are concerned here not with an applicant for a license to practice law, but with one who was so licensed, but forfeited same upon conviction for a crime deemed a felony. In other words, we are confronted with the issue of *reinstatement.* Under these circumstances and in light of the aforesaid, we conclude that movant has no legal basis for making his application for reinstatement and, accordingly, dismiss same.

KUPFERMAN, J. P., LUPIANO, SILVERMAN and MARKEWICH, JJ., concur.

Application for reinstatement dismissed.