(June 22, 1978)*

■ In the Matter of MARTIN GERUSO, JR., Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Respondent, who was admitted to practice by this court on June 13, 1962, was convicted of eight counts of the crime of bribe receiving in the second degree in the Supreme Court, County of New York, and a certificate of that conviction has been filed pursuant to section 486-a of the Judiciary Law. Having been convicted of a felony, respondent is no longer competent to practice law. Respondent's request that his disbarment be stayed until the appeal from his conviction is decided by the Appellate Division, First Department, is denied. We have considered respondent's argument that the automatic disbarment provision of subdivision 4 of section 90 violates due process in not providing an attorney convicted of a felony with a hearing before depriving him of his right to practice law, and find it to be without merit (see *Matter of Chu,* 42 NY2d 490; *Matter of Mitchell,* 40 NY2d 153; *Matter of Abrams,* 38 AD2d 334, mot for lv to app den 30 NY2d 486, app dsmd 30 NY2d 879). Respondent's name struck from the roll of attorneys and counselors at law of the State of New York pursuant to subdivision 4 of section 90 of the Judiciary Law. Mahoney, P. J., Greenblott, Kane, Staley, Jr., and Larkin, JJ., concur.

---

* Not published with other decisions of June 22, 1978, 63 AD2d 1081. [Rep.