■  In the Matter of HENRY S. HOWARD, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS OF THE THIRD JUDICIAL DEPARTMENT, Petitioner.—Respondent, who was admitted to practice by this court on January 14, 1937, was convicted in the United States District Court for the Northern District of New York on April 12, 1978 of the felony of willfully and knowingly attempting to evade payment of income tax by filing a false and fraudulent income tax return in violation of section 7201 of title 26 of the United States Code. Relying on *Matter of Chu* (42 NY2d 490), petitioner seeks to have respondent's name stricken from the roll of attorneys pursuant to subdivision 4 of section 90 of the Judiciary Law. Respondent urges that *Chu* does not mandate automatic disbarment since the Federal crime of which respondent has been convicted does not have a matching State felony counterpart. We disagree. In *Matter of Adipietro* (61 AD2d 1019), the Second Department struck an attorney's name from the rolls by reason of his conviction of the identical Federal felony of which respondent in this proceeding stands convicted. The Court of Appeals thereafter denied an application for leave to appeal (44 NY2d 646). We also reject respondent's argument that the automatic disbarment provision of subdivision 4 of section 90 of the Judiciary Law, by not providing an attorney convicted of a felony with a hearing before depriving him of his right to practice law, violates the due process, equal protection and cruel and unusual punishment clauses of the Federal and State Constitutions (see *Matter of Chu, supra; Matter of Mitchell,* 40 NY2d 153; *Matter of Abrams,* 38 AD2d 334, mot for lv to app den 30 NY2d 486, app dsmd 30 NY2d 879). Respondent's name struck from the roll of attorneys and counselors at law of the State of New York pursuant to subdivision 4 of section 90 of the Judiciary Law. Mahoney, P. J., Greenblott, Kane, Staley, Jr., and Larkin, JJ., concur.