In the Matter of EUGENE L. SUGARMAN, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, October 17, 1978

## APPEARANCES OF COUNSEL

*Eugene L. Sugarman,* movant *pro se.*

*Saul Friedberg* for petitioner.

## OPINION OF THE COURT

*Per Curiam.*

This is a motion for an order reinstating movant as an attorney and counselor at law of the State of New York.

The question now presented is whether this court has power

to reinstate an attorney whose name was stricken from the rolls by reason of conviction of a felony. We think the court does not have such power.

Movant was admitted to the Bar of this State on June 29, 1942. He was convicted on June 28, 1971 of bribe receiving and taking unlawful fees, felonies under section 200.10 of the Penal Law and section 1826 of the former Penal Law. He was sentenced to imprisonment for a term of one to four years.

By reason of that conviction, pursuant to subdivision 4 of section 90 of the Judiciary Law he automatically ceased to be a member of the Bar, and this court struck his name from the roll of attorneys and counselors at law by an order dated January 6, 1972 (38 AD2d 93).

This is movant's third application seeking as ultimate relief reinstatement to the Bar. His first application—for an order vacating the order of January 6, 1972 because of the issuance to him of a certificate of relief from disabilities under article 23 of the Corrections Law (§§ 701-703)—was denied by this court on February 16, 1976 (51 AD2d 170).

His next application—to modify the order of January 6, 1972 to the extent of ordering an inquiry into his character and general fitness to practice law in the State of New York—was denied on July 21, 1977 (58 AD2d 328) as premature, on an analogy to the rule of this court (22 NYCRR 603.14) which provides that a motion for reinstatement of a disbarred attorney may not be made until seven years after the effective date of disbarment or removal.

The present application is made more than seven years after his conviction on June 28, 1971.

If we had power to reinstate movant, his record since his conviction would seem to present a persuasive case for at least ordering inquiry into the question whether he should be reinstated.

We are thus required to decide whether we have power to grant the application.

The termination of membership in the Bar by reason of the attorney's conviction of a felony differs from disbarment by order of this court in that this court does not disbar an attorney convicted of a felony. The statute renders him ineligible to continue as a member of the Bar; this court merely records the fact that the convicted attorney is no longer a member of the Bar. (Indeed, movant implicitly recognizes that

his disbarment took place at the time of his conviction without any action on the part of this court; the present application is made more than seven years after his conviction on June 28, 1971 but less than seven years after the order of this court dated January 6, 1972 striking his name from the roll of attorneys.)

Subdivision 4 of section 90 of the Judiciary Law provides:

"4. Any person being an attorney and counsellor-at-law, who shall be convicted of a felony, shall, upon such conviction, cease to be an attorney and counsellor-at-law, or to be competent to practice law as such.

"Whenever any attorney and counsellor-at-law shall be convicted of a felony, there may be presented to the appellate division of the supreme court a certified or exemplified copy of the judgment of such conviction, and thereupon the name of the person so convicted shall, by order of the court, be struck from the roll of attorneys."

It was in accordance with the mandate of the statute and in recognition of the status created by the statute that we struck movant's name from the rolls on January 6, 1972 (38 AD2d, at p 94).

In our view nothing has happened to change that status or mandate.

Subdivision 5 of section 90 of the Judiciary Law does grant the Appellate Division power to vacate or modify an order of debarment upon the reversal of the conviction or a pardon. Neither of those events has happened here. The certificate of relief from disabilities is, as movant concedes, and as we have held (Matter of Glucksman, 57 AD2d 205, 208), not a pardon. Our research has disclosed no case in which an attorney convicted of a felony was reinstated to the Bar in the absence of a reversal or a pardon. In Matter of Glucksman (57 AD2d 205, 206, supra) this court said: "[T]o invoke the power of this court, it is necessary that one of the specified conditions be shown—reversal of the felony conviction or a pardon".

In logic, it would appear that in the absence of reversal or pardon such an attorney cannot be reinstated; the statutory declaration of cessation to be an attorney and to be competent to practice law would seem to continue.

This court's function with respect to such attorney being only the ministerial one of recording the fact of his ceasing to

be an attorney, we do not think we have power to change that fact.

The motion should be denied.

KUPFERMAN, J. P., LUPIANO, SILVERMAN, LANE and SULLIVAN, JJ., concur.

Motion for reinstatement denied.