OPINION OF THE COURT
Eugene R. Wolin, J.
On June 3, 1977, an order was entered pursuant to article 23-A of the General Business Law (§ 352 et seq., the Martin Act) which permanently enjoined defendant Seymour Vall from engaging in any capacity in any business relating to the purchase and sale of securities in this State. Vall now moves for an order dissolving or modifying that decree.
In April, 1973, Vall became employed as a salesman for a commodities brokerage firm known as Collins and Day. That firm ceased operations some time in June, 1973, with substantial losses to its clients. Thereafter an investigation was commenced by the Attorney-General. That investigation revealed that neither the firm, its principals nor *1001 its salespeople were registered and licensed to sell securities in this State and that Collins and Day was what is colloquially known as a “bucket shop”. The loss to investors was estimated to be in excess of $2,000,000. As a result the Attorney-General obtained indictments against the principals of Collins and Day as well as all of its salespeople. Vail was indicted and charged with 35 counts of grand larceny in the second and third degree; the sale of securities without a license; and securities fraud under the Martin Act. Prior to trial Vail entered a plea of guilty to a violation of section 359-e of the General Business Law (failure to register as a salesman), a misdemeanor, and this plea was accepted to cover the entire indictment. Vail received a sentence of incarceration for four successive weekends and was fined $500. The sentencing Judge thereafter granted Vail a certificate of relief from civil disabilities pursuant to section 702 of article 23 of the Correction Law. A civil proceeding pursuant to the Martin Act was then initiated by the Attorney-General to obtain orders permanently enjoining all the defendants in the Collins and Day operation from participating in the purchase and sale of securities. Vail subsequently consented to the entry of judgment and the permanent injunction which he now seeks to dissolve
In support of this motion Vail advances two arguments, first that the Supreme Court, sitting in equity, has the inherent power to modify or vacate its decrees and any statutory provision to the contrary is void as an unconstitutional limitation on the jurisdiction of the court and second, that the certificate of relief from civil disabilities renders any automatic bar to the requested relief ineffectual.
The Martin Act governs all aspects of the purchase and sale of securities in this State and vests broad regulatory powers in the Attorney-General. Pursuant to section 353 of the General Business Law, the Attorney-General is authorized to apply for an injunction when he has evidence establishing that a person or firm is engaging in fraud or fraudulent practices, or when he shows that a person or firm has been convicted of any crime involving securities.
*1002 If granted, the injunction is permanent in nature. However subdivision 3 of section 359-g of the General Business Law establishes a procedure by which the court may modify its order. Essentially that section provides that five years after the effective date of the permanent injunction, the party against whom the injunction has been granted may move, on notice, to dissolve or modify the injunction. The statute requires that certain financial and personal information be provided by the movant and allows the Attorney-General a period in which to conduct an investigation. The statute also requires that a hearing be held on the application. Finally, the statute is explicit in that: “No application under this subdivision shall be entertained: (a) where the injunction was granted as an incident to a crime of which the applicant had been or was later convicted * * * or (c) convicted at any time of any crime involving stocks, bonds, investments, securities, or like instruments” (General Business Law, § 359-g, subd 3). Subdivision 3 of section 359-g was added to the General Business Law in 1963 as a response by the Legislature to several decisions by the courts which held that despite the permanent nature of a Martin Act injunction, the court retained the power to modify its decrees (NY Legis Ann, 1963, pp 107, 108). In People v Scanlon (11 NY2d 459, 462), the Court of Appeals held that “[i]t is basic law that ‘modification of an injunctive decree [may] rest upon a clear showing that the evils which justified the prohibition have vanished’ ”. Vail relies upon Scanlon as well as an older decision, People v Riley (188 Misc 969) for the proposition that the court retains its inherent equitable jurisdiction and that that portion of the statute which purports to limit the relief which the court may accord to someone convicted of a crime involving securities is an attempt to limit the jurisdiction of the Supreme Court is thus unconstitutional.
In a case subsequent to the 1963 amendment, the Court of Appeals acknowledged the right of the Legislature to establish rules governing applications for dissolution of Martin Act injunctions (People v Lexington Sixty-First Assoc., 38 NY2d 588). However, the injunction at issue there was not predicated upon any underlying conviction in a criminal proceeding and the Court of Appeals did not *1003 discuss the effect of the statutory ban on the jurisdiction of the court.
The general original jurisdiction of the Supreme Court in law and equity is derived from the Constitution (NY Const, art VI, § 7) and has been jealously guarded by the courts (Niagara Falls Power Co. v Halpin, 267 App Div 236, affd 292 NY 705; Busch Jewelry Co. v United Retail Employees’ Union, 281 NY 150; People ex rel. Mayor of City of N. Y. v Nichols, 79 NY 582; Decker v Canzoneri, 256 App Div 68). As the jurisdiction of the Supreme Court is granted by the Constitution any attempt by the Legislature to limit that jurisdiction must fail. However, it does not follow that any legislation which affects the jurisdiction of the court is necessarily void. The Constitution (NY Const, art VI, § 30) gives to the Legislature the “power to alter and regulate the jurisdiction and proceedings in law and in equity that it has heretofore exercised.” Thus it has been held that the Constitution does not operate to prevent the Legislature from giving additional jurisdiction to other tribunals, or from changing the common law and creating new causes of action (People ex rel. Swift v Luce, 204 NY 478; Matter of Stilwell, 139 NY 337). Additionally the Constitution gives to the Legislature the unfettered power to regulate the rules of practice and procedure in the courts {Cohn v Borchard Affiliations, 25 NY2d 237). A distinction must therefore be drawn between the power of the Legislature to create a new cause of action and a limitation on the jurisdiction of the Supreme Court. The jurisdiction of the Supreme Court is general and once a claim is made litigable, then pursuant to the Constitution the jurisdiction of the Supreme Court attaches (People ex rel. Swift v Luce, supra). However, in creating the new cause of action, the Legislature may specifically proscribe the jurisdiction of the Supreme Court (Thrasher v United States Liab. Ins. Co., 19 NY2d 159; People v Darling, 50 AD2d 1038).
The regulation of the purchase and sale of securities pursuant to the Martin Act is a creation of the Legislature and the primary purpose of the statute is remedial in character (People v Lexington Sixty-First Assoc., supra; People v Federated Radio Corp., 244 NY 33). As such it is the prerogative of the Legislature to establish the availability and applicability of the remedy and in so doing does *1004 not infringe upon the jurisdiction of the court (People ex rel. Durham Realty Corp. v La Fetra, 230 NY 429). Section 359-g is penal in operation (People u Federated Radio Corp., supra) and it is within the authority of the Legislature to punish those convicted of fraud in connection with the purchase and sale of securities (Defiance Milk Prods. Co. v Du Mond, 309 NY 537). In the context of the Martin Act, the Legislature has stated that the remedy of dissolution or modification of the injunction is not available to those convicted of securities fraud (NY Legis Ann, 1963, pp 107-108). This is a clear proscription of the jurisdiction of the court and is binding (Thrasher v United States Liab. Ins. Co., supra; People v Darling, supra).
Nor can section 359-g be construed as an attempt to limit the equitable power of the Supreme Court to modify its decrees. As indicated by the Court of Appeals in Scanlon (supra), the court retains its inherent power to modify its decrees upon a finding that there has been a change in circumstances and that a continuation of the decree would be unjust, inequitable and oppressive (People v Scanlon, 11 NY2d, at p 462; Enterprise Window Cleaning Co. v Slowuta, 299 NY 286; Dictograph Prods. v Empire State Hearing Aid Bur., 4 AD2d 508). To argue, as is done here, that exemplary conduct during the years after the entry of the injunction warrants a dissolution of the decree misses the point. Vail was indicted for and pleaded guilty to a misdemeanor in connection with the sale of securities. This conviction provides an independent basis for the entry of a permanent injunction (General Business Law, § 353, subd 2). Therefore unless movant were able to demonstrate that the criminal conviction had vanished, e.g., by reason of a pardon or subsequent reversal by an appellate court, he would not be able to invoke the equitable jurisdiction of the court.
Finally the reliance of Vail upon the certificate of relief from civil disabilities is misplaced. A similar argument was made to and rejected by the court on the prior motion for an injunction pendente lite (People v Honeckman, 87 Misc 2d 117, Baer, J.). The certificate does not operate as a pardon (Matter of Sugarman, 64 AD2d 166; Matter of Glucksman, 57 AD2d 205). Nor does it prevent any judicial, administrative or licensing body from relying upon *1005 the conviction as the basis for the exercise of its discretionary power (Correction Law, § 701, subd 3). In enacting article 23 of the Correction Law, the Legislature sought to encourage the rehabilitation of first offenders by improving employment opportunities (NY Legis Ann, 1966, pp 18, 19). The thrust of article 23 is the elimination of automatic bans to employment which are imposed solely as the result of a conviction without regard to whether the offense bears any relation to the character and fitness of the individual involved. Such is not the case here. The underlying criminal conviction is directly related to the activities of Vail as a securities salesman and is conclusive as to his fitness to continue to engage in that business. Nothing in either the Correction Law or the accompanying memoranda of the Legislature (NY Legis Ann, 1966, pp 18, 19) or the Governor (NY Legis Ann, 1966, p 349) justifies an inference that article 23 of the Correction Law was intended to supersede the provisions of the Martin Act with regard to permanent injunctions. By virtue of the certificate Vail may seek employment in other fields, but his conviction for a securities violation permanently bars him from that line of endeavor.
Accordingly, the motion of defendant Seymour Vail is denied.