Meyer, J.
(concurring). I concur in Judge Simons’ opinion but write separately to point up for consideration by the Legislature the potential for unfairness involved in distributive awards based upon a license of a professional still in training.
An equity court normally has power to " 'change its decrees where there has been a change of circumstances’ ” (People v Scanlon, 11 NY2d 459, 462, on second appeal 13 NY2d 982). The implication of Domestic Relations Law § 236 (B) (9) (b), which deals with modification of an order or decree as to maintenance or child support, is, however, that a distributive award pursuant to section 236 (B) (5) (e), once made, is not subject to change. Yet a professional in training who is not finally committed to a career choice when the distributive award is made may be locked into a particular kind of practice simply because the monetary obligations imposed by the distributive award made on the basis of the trial judge’s conclusion (prophecy may be a better word) as to what the career choice will be leaves him or her no alternative.
The present case points up the problem. A medical license is but a step toward the practice ultimately engaged in by its holder, which follows after internship, residency and, for particular specialties, board certification. Here it is undisputed that plaintiff was in a residency for general surgery at the time of the trial, but had the previous year done a residency in internal medicine. Defendant’s expert based his opinion on the difference between the average income of a general surgeon and that of a college graduate of plaintiff’s age and life expectancy, which the trial judge utilized, impliedly finding that plaintiff would engage in a surgical practice despite plaintiff’s testimony that he was dissatisfied with the general surgery program he was in and was attempting to return to the internal medicine training he had been in the previous year. The trial judge had the right, of course, to discredit that testimony, but the point is that equitable distribution was not intended to permit a judge to make a career decision for a licensed spouse still in training. Yet the degree of speculation involved in the award made is emphasized by the testimony of the expert on which it was based. Asked whether his assumptions and calculations were in any way speculative, he replied: "Yes. They’re speculative to the extent of, will Dr. O’Brien *592 practice medicine? Will Dr. O’Brien earn more or less than the average surgeon earns? Will Dr. O’Brien live to age sixty-five? Will Dr. O’Brien have a heart attack or will he be injured in an automobile accident? Will he be disabled? I mean, there is a degree of speculation. That speculative aspect is no more to be taken into account, cannot be taken into account, and it’s a question, again, Mr. Emanuelli, not for the expert but for the courts to decide. It’s not my function nor could it be.”
The equitable distribution provisions of the Domestic Relations Law were intended to provide flexibility so that equity could be done. But if the assumption as to career choice on which a distributive award payable over a number of years is based turns out not to be the fact (as, for example, should a general surgery trainee accidentally lose the use of his hand), it should be possible for the court to revise the distributive award to conform to the fact. And there will be no unfairness in so doing if either spouse can seek reconsideration, for the licensed spouse is more likely to seek reconsideration based on real, rather than imagined, cause if he or she knows that the nonlicensed spouse can seek not only reinstatement of the original award, but counsel fees in addition, should the purported circumstance on which a change is made turn out to have been feigned or to be illusory.