[727 NYS2d 78]

In the Matter of ROBERT C. ADELMAN (Admitted as ROBERT CALVIN ADELMAN), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 14, 2001

**APPEARANCES OF COUNSEL**

*Raymond Vallejo* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Robert C. Adelman,* respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

Respondent, Robert C. Adelman, was admitted to the practice of law in the State of New York by the Second Judicial Department on October 20, 1971, as Robert Calvin Adelman. At all times relevant herein, respondent has maintained an office for the practice of law within the First Judicial Department.

On March 2, 1998, a 36-count indictment was filed in the County Court, Nassau County, charging respondent with criminal contempt in the first degree, criminal contempt in the second degree, and aggravated harassment in the second degree, in violation of Penal Law § 215.51 (b), § 215.50 (3) and § 240.30 (1), respectively. These charges stemmed from respondent's violation of an order of protection directing him to refrain from contacting his former girlfriend. On February 5, 1999, respondent pleaded guilty to criminal contempt in the second degree, a class A misdemeanor, in full satisfaction of the indictment. Respondent was sentenced to time served and to a period of probation not to exceed three years, with a condition that he receive therapy as directed by the probation department. The sentencing court also issued an order of protection to be in effect until March 8, 2002.

The Departmental Disciplinary Committee sought an order deeming the offense of which respondent pleaded guilty to be a "serious crime" within the meaning of Judiciary Law § 90 (4) (d) and Rules of this Court (22 NYCRR) § 603.12 (b). We granted the petition by an unpublished order dated September 24, 1999, and directed the respondent to show cause before a Referee why a final order of censure, suspension or disbarment should not be made. A hearing was held on December 17, 1999, at which respondent and his psychiatrist testified in mitigation. After the hearing, the Referee issued a report and recommendation dated February 3, 2000 recommending public censure as the appropriate sanction. A Hearing Panel was assigned to review the Referee's report and recommendation; however, in the interim, respondent was incarcerated for violating the order of protection on May 5, 1999, by making contact with his former girlfriend. The proceedings before the Hearing Panel were stayed pending respondent's release from jail.

By an undated misdemeanor complaint filed with the New York County Criminal Court, respondent was charged with criminal contempt in the second degree, in violation of Penal

Law § 215.50 (3), for violating the order of protection. On February 14, 2000, respondent was convicted after a jury trial at which he proceeded *pro se.* On March 1, 2000, respondent moved to set aside the verdict pursuant to CPL 330.30 on the ground that he was not competent to stand trial and should not have been permitted to proceed *pro se.* On or about September 28, 2000, the Criminal Court denied respondent's motion. Subsequently, respondent was sentenced to one-year incarceration.

By an order entered November 16, 2000, this Court granted the Departmental Disciplinary Committee's petition determining that the crime of which respondent was convicted was a "serious crime" as defined by Judiciary Law § 90 (4) (d) and Rules of this Court (22 NYCRR) § 603.12 (b); suspending respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f); consolidating this matter with the pending "serious crime" proceeding before the Committee arising from respondent's February 5, 1999 conviction; and directing respondent, within 60 days after his release from incarceration, to show cause before a Hearing Panel of the Committee why a final order of censure, suspension or disbarment should not be made (*Matter of Adelman*, 279 AD2d 1).

On or about April 6, 2000, respondent was charged in an indictment filed in Supreme Court, Queens County, with attempted murder in the second degree in violation of Penal Law §§ 110.00 and 125.25 (1), attempted assault in the first degree in violation of Penal Law §§ 110.00 and 120.10 (1), assault in the second and third degree in violation of Penal Law § 120.05 (2) and § 120.00, respectively, and criminal possession of a weapon in the fourth degree in violation of Penal Law § 265.01 (2). The indictment alleged that on December 24, 1999, respondent struck his wife, assaulted her with a hard object, and attempted to throw her off a bridge.

On January 24, 2001 respondent pleaded guilty to assault in the second degree, a class D felony, and assault in the third degree, a misdemeanor, in full satisfaction of the indictment. Although respondent was released from incarceration on January 31, 2001, he has not yet been sentenced.

The Departmental Disciplinary Committee now seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b) on the ground that he has been automatically disbarred upon his conviction of a felony pursuant to Judiciary Law § 90 (4) (a) and (e).

Having been convicted of assault in the second degree, a felony within the meaning of Judiciary Law § 90 (4) (e), re-

spondent automatically ceased to be an attorney by operation of law. While respondent has not yet been sentenced, a guilty plea is a sufficient predicate for automatic disbarment (*Matter of Rodwin*, 271 AD2d 167).

Accordingly, the Committee's petition should be granted, and respondent's name stricken from the roll of attorneys and counselors-at-law.

SULLIVAN, P. J., WILLIAMS, MAZZARELLI, LERNER and RUBIN, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.