[891 NYS2d 9]

In the Matter of AUSTEN O.O. UGWECHES (Admitted as AUSTEN OBIAJULY O. UGWECHES), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 29, 2009

#### APPEARANCES OF COUNSEL

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Jorge Dopico* of counsel), for petitioner.

*Austen O.O. Ugweches,* respondent pro se.

#### OPINION OF THE COURT

Per Curiam.

Respondent Austen O.O. Ugweches was admitted to the

practice of law in the State of New York by the First Judicial Department in September 1999. At all relevant times, respondent has maintained a law office within the First Judicial Department.

The Departmental Disciplinary Committee seeks an order pursuant to Judiciary Law § 90 (4) (b) striking respondent's name from the roll of attorneys as of the date of his conviction of a felony, as defined by Judiciary Law § 90 (4) (e). On June 28, 2006, following a jury trial, respondent was convicted in Supreme Court, New York County, of assault in the second degree, a class D felony, after he struck a police officer with his motor vehicle while the officer was issuing him a traffic summons. After respondent failed to appear for sentencing in September 2006, the court issued a warrant for his arrest. Respondent fled to and resided in Africa and Europe, but returned to court on the outstanding warrant in January 2009. In May 2009, respondent was sentenced to six months of incarceration and five years of probation.

In opposition to the petition, respondent, pro se, claims, inter alia, that he is innocent and that he was "duped" by his own counsel, and asks that any sanction be deferred pending the appeal of his conviction.

Respondent's felony conviction automatically disbarred him by operation of law (see Judiciary Law § 90 [4] [a]; Matter of Adelman, 284 AD2d 96, 98-99 [2001]). There are no legal grounds for a stay pending the appeal of a felony conviction (22 NYCRR 603.12 [e]; Matter of Mitchell, 40 NY2d 153 [1976]).

Accordingly, the Committee's petition to strike respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b) should be granted.

Respondent's name is stricken from the roll of attorneys and counselors-at-law in the State of New York effective nunc pro tunc to June 28, 2006.

MAZZARELLI, J.P., MOSKOWITZ, ACOSTA, FREEDMAN and RICHTER, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to June 28, 2006.