[914 NYS2d 24]

In the Matter of LOUIS J. POSNER (Admitted as LOUIS JOSEPH POSNER), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 16, 2010

### APPEARANCES OF COUNSEL

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

*Louis J. Posner*, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

Respondent Louis J. Posner was admitted to the practice of

law in the State of New York by the First Judicial Department on August 6, 1990 as Louis Joseph Posner. At all times relevant to this proceeding, respondent maintained his principal place of business within the First Judicial Department.

On March 23, 2010, respondent pleaded guilty to promoting prostitution in the third degree (Penal Law § 230.25 [1]), a class D felony. At the plea hearing, respondent admitted that he had "knowingly advanced and profited from prostitution" by dancers at a night club he owned and managed. Respondent also admitted to "engaging in sexual conduct with dancers in the private rooms in exchange for allowing them to work at the club."

On that same day, March 23, 2010, respondent pleaded guilty to a total of three class A misdemeanors: two counts of falsely reporting an incident in the third degree (Penal Law § 240.50 [3] [a]) and one count of offering a false instrument for filing in the second degree (Penal Law § 175.30). During his plea allocution, respondent admitted that, among other things, he falsely reported to the New York City Police Department that police officers attempted to extort money from him by threatening to close his night club. Respondent also admitted that he offered the Police Department a document for filing that repeated the false extortion claim.

At the conclusion of his plea allocution, respondent was sentenced on his misdemeanor conviction to a one-year conditional discharge and ordered to perform 60 hours of community service. On April 22, 2010, respondent was sentenced on his felony conviction to five years' probation and a $300 surcharge.

The Departmental Disciplinary Committee now petitions this Court for an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b) on the ground that, pursuant to Judiciary Law § 90 (4) (a) and (e), he was automatically disbarred upon his conviction of a crime classified as a felony under New York law. Upon pleading guilty to a felony, a person ceases to be an attorney authorized to practice law in this State (*see Matter of Ugweches*, 69 AD3d 125 [2009]; *Matter of Chilewich*, 20 AD3d 109 [2005]). In opposing the petition, respondent, acting pro se, invokes a certificate of relief from civil disabilities that was issued to him pursuant to article 23 of the Correction Law upon his sentencing. Respondent's reliance on the certificate is unavailing (*see Matter of Glucksman*, 57 AD2d 205 [1977], *lv denied* 42 NY2d 804 [1977]; *Matter of Sugarman*, 51 AD2d 170 [1976], *lv denied* 39 NY2d 707 [1976]), as is his

argument that automatic disbarment violates constitutional standards of due process.

Accordingly, the Committee's petition to strike respondent's name from the roll of attorneys and counselors-at-law in the State of New York should be granted, effective nunc pro tunc to March 23, 2010.

FRIEDMAN, J.P., NARDELLI, DEGRASSE, FREEDMAN and MANZANET-DANIELS, JJ., concur.

Respondent disbarred, and his name is stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to March 23, 2010.