■  In the Matter of JOHN COSGROVE, Appellant, v RICHARD D. KLIN-GLER, Individually and as Supervisor of the Town of Canaan, et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered June 15, 1976 in Columbia County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel disclosure of certain information pursuant to the Freedom of Information Law. On April 19, 1975 petitioner applied to the Town of Canaan Records Access Officer for certain information pursuant to article 6 of the Public Officers Law which is entitled the Freedom of Information Law. Petitioner's application was denied and on August 24, 1975 his appeal was denied by respondent Klingler as the appeals officer. On October 14, 1975 petitioner sought more information from the records access officer. His application was denied and on October 28, 1975 his appeal was also denied. On February 11, 1976 petitioner applied for different information, but this request was made directly to respondent Klingler. Klingler requested further specifics as to the information requested and petitioner alleges that Klingler thereafter refused to accept two certified letters from petitioner which specified the requested information. Petitioner then commenced this article 78 proceeding on April 16, 1976 to compel disclosure, and his application was dismissed at Special Term. This appeal ensued. As to the information requested in the first two applications, it is clear that more than four months had elapsed from the time of the denial of the appeals on these applications to the time of the commencement of this proceeding. Consequently, judicial review of these denials is barred by the Statute of Limitations contained in CPLR 217. Petitioner concedes that he failed to make a proper application to the records access officer with regard to the information requested in his third and final application. Respondents contend that review of this application is premature as petitioner has not exhausted his administrative remedies. The doctrine of exhaustion of administrative remedies requires that the parties exhaust all possibilities of obtaining relief through administrative channels before appealing to the courts (*Young Men's Christian Assn. v Rochester Pure Waters Dist.,* 37 NY2d 371). It is possible that if petitioner had applied initially to the records access officer, his application might have been granted, thereby obviating the need for any recourse to the courts. We find no merit to petitioner's argument that the doctrine of exhaustion of administrative remedies should not be applied in that adherence to formal application procedures would be futile. The denial of petitioner's previous requests for certain information does not establish that a new application for different information would be fruitless. Nor do we find that respondent Klingler's letter to petitioner requesting more specifics constituted a waiver of the administrative procedures necessary in order for disclosure of infor-

mation. Dismissal of petitioner's application pursuant to CPLR article 78 was, therefore, proper and the judgment should be affirmed. Judgment affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Mahoney and Main, JJ., concur.