OPINION OF THE COURT
Bernard F. McCaffrey, J.
In this article 78 proceeding, petitioner seeks a judgment directing respondents to furnish him with a copy of the "N.I.S. Report for Nassau County covering administrative and supervisory employees for the years 1976-1977 and 1977-78.” Petitioner is the executive director of the Council of Administrators and Supervisors, Local 12, American Federation of School Administrators, AFL-CIO. The report sought to be disclosed pursuant to the Freedom of Information Law (Public Officers Law, § 87) is one for which numerous school districts subscribe on a shared cost basis. Though standing alone, cost to a governmental agency in preparation of a report, is not a sufficient basis to preclude disclosure under the Freedom of *395 Information Law. However, it is noted that this report costs $40,000 per annum, with each participating district paying $1,100 per annum for this service. Similar costs are anticipated for the coming year. Petitioner, in addition to seeking the disclosure of these reports, also seeks to limit his expenses to the statutory fee of 25 cents per photocopy (Public Officers Law, § 87, subd 1, par [b], cl [iii]).
It is undenied that these reports concern themselves with the salaries in each of the 56 local school districts of Nassau County, as well as analysis of other indirect employee benefits, class size studies, trend analysis, a comparative annual study of actual school costs and school operations; as well as any specific statistical analysis as may be requested by any participating school district. Respondents allege that this report, entitled Negotiations Information Service (N.I.S.) is designed to assist participating school districts in their collective bargaining negotiations with their respective public employee unions. The N.I.S. studies also include analysis of provisions of collective bargaining agreements, including grievance procedures, insurance, retirement benefits, job protection rights, and other contractual provisions. Each of the agreements, heretofore entered into by the various school districts, is a public document to which petitioner has access. Each agreement makes a separate and distinct analysis as to those items which petitioner may wish to seek as future benefits in negotiations with the respective school districts. It is noted that in every labor negotiation each party does and is entitled to obtain and utilize independently obtained information to serve their purposes in the negotiation of a new contract. It is precisely upon such a consideration that section 87 of the Public Officers Law bases an exclusion to access to agency records, and which exception the petitioner has in no way refuted.
Subdivision 2 of section 87 of the Public Officers Law states that:
"Each agency shall, in accordance with its published rules, make available for public inspection and copying all records, except that such agency may deny access to records or portions thereof that:
* * *
"(c) if disclosed would impair present or imminent contract awards or collective bargaining negotiations”. (Emphasis supplied.)
*396 To compel disclosure would impinge upon the participating school boards’ predecisional and negotiating process, and cause irreparable harm to the Legislature’s declared policy of regional co-operative shared services (Education Law, § 1950). Thus, said disclosure would only serve an inequitable one-sided negotiating ploy, rather than the furnishing of information intended to be included within the purposes of the Freedom of Information Law, as recently amended (L 1977, ch 933, eff Jan. 1, 1978). (Matter of McAulay v Board of Educ., 61 AD2d 1048.)
The petition is dismissed.