■ HAROLD GLANTZ, Appellant, v NICHOLAS SCOPPETTA, Respondent.—Judgment, Supreme Court, New York County, entered June 19, 1978, denying petitioner's application to inspect and copy all papers and documents in the custody of respondent's department relating to petitioner and dismissing the petition, unanimously reversed, on the law and the facts, and the matter remanded to Special Term for reconsideration upon further submissions by the parties and an *in camera* inspection of documents by Special Term if it deems it necessary to a determination of the issues, without costs or disbursements. Petitioner proposed a site for a new amusement park for approval by the Economic Development Administration which in turn requested respondent's department of investigation to inquire into his background. The department of investigation reported by a letter unfavorable to petitioner's character and on the basis of this letter further consideration of the proposal was refused. Pursuant to the Freedom of Information Law (Public Officers Law, art 6), petitioner demanded access to the information on which respondent based his letter. In seemingly unvarying custom, respondent refused. Special Term denied the ensuing article 78 petition because the object of petitioner's inquiry would be to scrutinize investigatory files compiled for law enforcement purposes which were then exempted from disclosure (then Public Officers Law, § 88, subd 7, par d, added by L 1974, ch 579, § 3). Article 6 has now been revised (L 1977, ch 933, § 1) and this appeal must be considered on the present expression of the law *(Matter of Demisay, Inc. v Petito,* 31 NY2d 896). Files compiled for law enforcement purposes must now meet express criteria to be exempt from disclosure (Public Officers Law, § 87, subd 2, par [e]). The parties should be given an opportunity to expand their papers to claim or resist the applicability of the new criteria. This may be an appropriate situation for an *in camera* inspection to balance the right of a private citizen with the legitimate needs of the respondent *(Church of Scientology of N. Y. v State of New York,* 61 AD2d 942, 943). Special Term also denied the petition because granting it "would not give the petitioner the ultimate relief which he is seeking, namely, the approval of development plans". We observe, however,

that the broad access to government records granted to petitioner by the Freedom of Information Law is not conditioned on its serving any purpose other than to acquaint him with "the process of governmental decisionmaking" (Public Officers Law, § 84). Concur—Birns, J. P., Fein, Lane, Lynch and Sandler, JJ.