OPINION OF THE COURT
Roger J. Miner, J.
In this proceeding pursuant to CPLR article 78 petitioner asserts four causes of action against the New York City Employees’ Retirement System (City System) and five against the New York State Employees’ Retirement System (State System). On the first cause of action petitioner seeks judgment vacating the City System’s denial of reconsideration of his application for retirement benefits and directing the City System to accept the application and to grant him benefits as of March 24, 1976; on the second and third causes of action petitioner seeks judgment vacating the State System’s denial of his application for retirement benefits dated November 9, 1978, and directing the State System to accept the application and grant him benefits as of March 24, 1976; on the fourth and fifth causes of action petitioner seeks a declaration that respondents have violated his constitutional right to retirement benefits effective March 24, 1976; and on the sixth cause of action petitioner seeks "money damages in an amount equal to the interest or dividends that petitioner would have earned if petitioner’s accumulated deductions had been properly invested in either” retirement system "from approximately January 12, 1979 to July, 1979”. Before the court are motions by both respondents to dismiss the petition.
On May 20, 1974, petitioner was employed as a court officer in the Supreme Court, New York County, and was a member of the City System. On that date, he was injured in the process of subduing a sentenced prisoner. He now claims that, except for one week in February of 1976, the back injury sustained in the altercation has prevented him from working since that time. On March 25, 1976, petitioner submitted an *312 application to the City System for accidental disability retirement. On April 1, 1977, he became a State employee when the State took over the operation of the court system (Judiciary Law, § 39, subd 6) and, since he did not elect to continue his membership in the City System within 90 days thereafter, he also became a member of the State System on that date. (Judiciary Law, § 39, subd 9, par [a].)
On May 12, 1977, the medical board of the City System certified to the board of trustees of the City System its determination that petitioner was not physically incapacitated from service in his position. On June 6, 1977, this decision was communicated to petitioner with the advice that a reconsideration of the application could be requested within five years after the accident but prior to eligibility for retirement. The board of trustees approved the decision on August 5, 1977.
Petitioner requested reconsideration of his application by letter to the City System dated October 25, 1978. By letter dated November 9, 1978, petitioner was advised by the chief of the medical division of the City System that his request for reconsideration would not be entertained since he no longer was a member of the City System. He was further advised that the matter should be taken up with the State System. In November of 1978 petitioner wrote to the State System but received no letter in reply until March 28, 1979, at which time he was advised as follows: "you did not become a member of our System on April 1, 1977 and as of today, you are still not a member of our System.” Clearly, this information was erroneous.
By letters dated June 11, 1979 and June 20, 1979 petitioner’s attorney notified the City System and the State System that a determination should be made concerning jurisdiction of petitioner’s claim. The City System’s reply of June 15, 1979 included a disclaimer of any liability, based upon petitioner’s present membership in the State System. By letter dated July 9, 1979, the counsel for the State System conceded that petitioner was a member of the State System as of April 1, 1977. The counsel also advised that, if an application for accidental retirement benefits were to be filed and granted by that system, the effective date of retirement would be the date of filing or the date of last compensation, whichever was later. The letter of July 9 included the opinion that any benefits due prior to such effective date were the responsibility of the City System and the letter concluded as follows: "In the event Mr. *313 Johnston is ultimately granted disability retirement benefits from the City, his membership in this System will become a nullity since he will have been a retiree on April 1, 1977 rather than an employee of the City.” On August 6, 1979, petitioner applied to the State System for accidental disability retirement, but it appears that no determination has yet been made relative to that application.
 The motion of the City System must be granted, since petitioner has no cause of action against it for disability retirement benefits. Petitioner became a member of the State System as of April 1, 1977 and it became the duty of the City System to transfer all of petitioner’s "reserves, contributions and credits” to the State System. (Judiciary Law, § 39, subd 9, par [a].) By virtue of changing his membership from the City System to the State System, petitioner is "deemed to have been a member of the system to which he has transferred during the entire period of membership service credited to him in the system from which he has transferred.” (Retirement and Social Security Law, § 43, subd b.) Upon the transfer of funds between the systems, petitioner was entitled to be "given such status and credited with such service in the second retirement system as he was allowed in the first retirement system.” (Retirement and Social Security Law, § 43, subd d.) By reason of the foregoing, any liability of the City System to petitioner was assumed by the State System. The State System’s contention that any retirement benefits due petitioner prior to April 1, 1977 must be the liability of the City System is rejected, since the provisions excluding State liability refer to terms and conditions of employment and not to pension rights. (Judiciary Law, § 39, subd 6, pars [a], [g]; Civil Service Law, § 201.) Moreover, petitioner’s claim against the City System is barred by the four-month Statute of Limitations, since petitioner’s request of that system for reconsideration, made within the allowable five-year period after the accident (Administrative Code of City of New York, § B3-40.0, subd b, par 1), was denied by letter dated November 9, 1978. This proceeding was not commenced until August of 1979, and any requests for reconsideration after November 9, 1978 did not serve to extend the statutory limitation. (CPLR 217; 8 Weinstein-Korn-Miller, NY Civ Prac, par 7804.02; Matter of Fiore v Board of Educ., 48 AD2d 850, affd 39 NY2d 1016.)
 Petitioner’s claim for accidental disability retirement *314 presently is pending with the State System. Accordingly, the court is unable to afford petitioner any relief against the State System in this proceeding by reason of petitioner’s failure to exhaust administrative remedies. (Matter of Cosgrove v Klingler, 58 AD2d 910; Young Men’s Christian Assn, v Rochester Pure Waters Dist., 37 NY2d 371.) Although the State System’s motion for the dismissal of the petition must be granted for this reason, it is the opinion of the court that the effective date of retirement established for petitioner in the event his application therefor is granted, August 6, 1979, is incorrect. In November of 1978 the State System had notice that claim by petitioner was being carried over from the City System, although it was not until July of 1979 that the State System acknowledged that petitioner was a member of that State System. The effective date should be fixed in November of 1978.