*624 OPINION OF THE COURT
Ira Gammerman, J.
This is an application by petitioner, pursuant to the Freedom of Information Law (Publip Officers Law, § 84 et seq.).
Petitioner, the United Federation of Teachers (UFT), seeks to obtain copies of all grievances and decisions rendered on grievances filed by registered nurses represented by a competing union, the State Nurses; Association (the Association), which is a respondent-intervejnor in this proceeding. It appears that the UFT seeks sdch information as part of its campaign to supplant the Association as the certified collective bargaining unit representing registered nurses.
According to respondent New York City Health and Hospitals Corporation (HHC), there | are approximately 1,500 grievances filed each year by employees at HHC facilities. Grievances filed by registered nurses are not segregated or filed separately from those filed by other employees. HHC alleges that it would be extremely burdensome and time consuming to cull from several thousands of grievances those involving only registered nurses. HHC further contends that disclosure of the grievances would constitute an unwarranted invasion of personal privacy (Public Officers Law, § 87, subd 2, par [b]; § 89, subd 2, par [b]). Respondent-intervenor also alleges that disclosure of grievances might impair present imminent contract awards or collective bargaining negotiations, and is, therefore, exempt from disclosure pursuant to section 87 (subd 2, par [c]) of the Public Officers Law.
In dealing with requests for disclosure pursuant to the Freedom of Information Law, the overriding principle is that "the public is vested with an inherent right to know” (Matter of Fink v Lefkowitz, 47 NY2d 567, 571). The burden is upon the agency opposing disclosure to demonstrate that the information sought is statutorily exempt (Matter of Fink v Lefkowitz, supra; Matter of Doolan v Board of Coop. Educational Servs., Second Supervisory Dist. of Suffolk County, 48 NY2d 341, 346). Where the State opposes disclosure, it is required to come forward with a factual basis from which the court may determine whether the materials sought either fall outside the scope of mandated disclosure or come within the exceptions specified in the statute (Church of Scientology v State of New York, 46 NY2d 906, 908).
Respondents’ arguments that disclosure of grievances *625 and grievance decisions would impair imminent contract awards or collective bargaining negotiations are wholly unsubstantiated and without merit. There has been no evidentiary showing made to buttress these contentions (see Matter of Doolan v Board of Coop. Educational Servs., Second Supervisory Dist. of Suffolk County, supra, p 346). Similarly without merit is the argument that it would be difficult for HHC, with its depleted and diminished staff, to sift through its records, locate the information sought, and redact, where necessary, any identifying personal details. Indeed, this alleged defense is tacit recognition of the discoverability of the information sought. Were the court to recognize the "defense” of a shortage of manpower by the agency from which disclosure is sought, it would thwart the very purpose of the Freedom of Information Law and make possible the circumvention of the public policy embodied in the act.
The only argument of any possible merit advanced by respondents is that disclosure might constitute an unwarranted invasion of privacy of the grievants. Neither respondent cites any evidentiary detail of any grievance filed by any employee or how disclosure of the details of the grievance or the decision thereupon would constitute an unwarranted invasion of privacy within the purview of the statute. Although no factual basis for this argument has been demonstrated, the court is sensitive to the legitimate rights and expectations of privacy of individual grievants.
None of the parties have cited any precedent directly on point concerning the discoverability of grievances and grievance decisions under the New York Freedom of Information Law. However, based upon the public policy underlying the act, and based upon analogous precedent (see Blecher v Board of Educ., NYLJ, Oct. 25, 1979, p 12 col 4; Matter of Pooler v Nyquist, 89 Misc 2d 705; Farrell v Village Bd. of Trustees of Vil. of Johnson City, 83 Misc 2d 125), and also based upon the lack of any factual demonstration that disclosure would constitute an unwarranted invasion of privacy, the court holds that the grievances and grievance decisions or dispositions are discoverable. However, in order to balance the legitimate rights and expectations of privacy of the grievants involved against the legitimate interest of petitioner in obtaining disclosure thereof, the court directs that all personal identifying details be redacted and deleted from the records produced (see Marke, Access to Public Records in New York State, NYLJ, *626 March 18, 1980, p 4, col 1; Matter of Westchester Rockland Newspapers v Mosczydlowski, 58 AD2d 234, 238).
Respondents shall furnish the material requested, appropriately redacted in accordance herewith, within 60 days after service of a copy of the judgment to be settled hereupon with notice of entry.