Anthony McIlvain OSTHEIMER and Mary Parke Ostheimer, Plaintiffs,

v.

W. Ann CHUMBLEY, United States Tax Court, Internal Revenue Service, Dan A. Lisonbee, Robert M. Smith, et al., Defendants.

No. CV 80–60–M.

United States District Court, D. Montana, Missoula Division.

Oct. 17, 1980.

Anthony McIlvain Ostheimer and Mary Parke Ostheimer, pro se.

Judith A. Levinthal, Trial Atty., Tax Div., Dept. of Justice, Washington, D. C., for defendants.

## OPINION AND ORDER

RUSSELL E. SMITH, District Judge.

Plaintiffs, residents of Montana, seek disclosure under the Freedom of Information Act (FOIA)[1] from W. Ann Chumbley, an employee of the Administrative Office of the United States Tax Court, United States Tax Court, Internal Revenue Service, and Dan A. Lisonbee and Robert M. Smith, attorneys for the Internal Revenue Service. This action had its origins in a Tax Court case involving a petition for redetermination of a deficiency which the Commissioner of Internal Revenue had assessed against the plaintiffs.

*AS TO THE DEFENDANTS CHUMBLEY, LISONBEE, AND SMITH:*

In the FOIA Congress has provided that the district courts have jurisdiction to enjoin an agency from withholding records and to order production of records. No right of action is created as to employees of an agency.[2] The court, when ordering the production of records, may question whether agency personnel have acted arbitrarily or capriciously and whether discipline is warranted. The administrative authority of the agency concerned, not the court, is empowered to discipline an employee.[3] Af-

ter an order requiring disclosure has been made, the court, upon noncompliance, may punish the responsible employee for contempt.[4] It is the opinion of the court that the right of action exists only as to the agency and not as to its employees.

*AS TO THE IRS:*

In the course of the Tax Court proceedings plaintiffs filed a "request for production of documents, things, etc." pursuant to Rule 72 of the Tax Court Rules "and pursuant to 5 U.S.C. § 552." The request was filed with the clerk and was served by mail upon Robert Smith and Dan A. Lisonbee, attorneys of record in the Tax Court case. A motion for a protective order was filed and sustained by a Tax Court judge. Nothing was furnished pursuant to the FOIA request.

5 U.S.C. § 552(a)(3) provides that an agency is required to furnish records when the request is made "in accordance with published rules." The Internal Revenue Service, by published rule, 26 C.F.R. § 601.-702(c)(3)(iii), has required that requests must be made to the office of the Internal Revenue Service official who is responsible for the control of the records or, if the person who is making the request does not know the official responsible, to the office of the director of the district where the requester resides. The published rule was reasonable and was adopted under statutory authority. Compliance with the requirements of the FOIA is not a completely routine matter, and various kinds of information may be lawfully withheld.[5] Certainly an agency may so organize itself that requests must be filed in the offices of those persons who know the obligations to disclose but who also are aware of the many exceptions created by the law. An agency should not be subjected to a court action with possible costs and attorneys' fees if a request for information is filed with some person who has neither control of the infor-

---

1. 5 U.S.C. § 552.

2. 5 U.S.C. § 552(a)(4)(B).

3. 5 U.S.C. § 552(a)(4)(F).

4. 5 U.S.C. § 552(a)(4)(G).

5. 5 U.S.C. § 552(b).

mation nor instructions with respect to requests for information.

Under the regulation, the request, depending upon plaintiffs' knowledge, could have been mailed or delivered to one of two places, and no obligation to disclose arose until such mailing or delivery occurred. The complaint does not allege such mailing or delivery. The court cannot judicially notice that a mailing to the Utah office of the Internal Revenue Service attorneys who appeared in the Tax Court case was a proper mailing under the regulation, and that is the only mailing shown by the complaint.

*AS TO THE UNITED STATES TAX COURT*:

■ 5 U.S.C. § 552(a) requires that "[e]ach agency shall make available to the public information . . . ." 5 U.S.C. § 551, in defining "agency," excludes "the courts of the United States." At one time the Tax Court was, despite the name, an agency of the United States and subject to the Administrative Procedure Act. *Lincoln Electric Co. v. Commissioner of Internal Revenue*, 162 F.2d 379 (6th Cir. 1947). By the Act of August 16, 1954, 68A Stat. 879, what had been called the "Board of Tax Appeals" was "continued as an independent agency in the Executive Branch of the Government" under the name of "Tax Court of the United States." However, by the Act of December 30, 1969, 83 Stat. 730, Congress established, under U.S.Const. art. I, a court of record to be known as the "United States Tax Court." It is to be noted that Congress did not "continue" an "agency" but rather "established" a "court." It is clear from S.Rep.No.91–552, 91st Cong., 1st Sess., *reprinted in* [1969] U.S. Code Cong. & Admin. News, pp. 2027, 2343, that Congress intended that the Tax Court operate as a court and considered it to have only judicial functions, but within those functions to have "the same powers regarding contempt, and the carrying out of its writs, orders, etc., that Congress has previously given to the

District Courts." That Congress intended the Tax Court to be something different from an agency is indicated by this language:

Since the Tax Court has only judicial duties, the committee believes it is anomalous to continue to classify it with quasi–judicial executive agencies that have rulemaking and investigatory functions. . . . However, its constitutional status as an executive agency, no matter how independent, raises questions in the minds of some as to whether is [*sic*] is appropriate for one executive agency to be sitting in judgment on the determinations of another executive agency.

*Id.* at 2341.

As indicated, the Tax Court was established as a court under U.S.Const. art. I, and became a part of the legislative branch of government in 1969. When in 1974 (88 Stat. 1564) Congress defined "agency"[6] for the purposes of the FOIA, it did not name the Tax Court. If the Tax Court is included in the definition, that inclusion must be found in the more generic language of the section, and that language simply does not describe a court established as a part of the legislative branch.

The Tax Court is not an agency.

IT IS THEREFORE ORDERED THAT:

As to the defendants Chumbley, Lisonbee, and Smith, the complaint be dismissed on the merits and with prejudice;

As to the United States Tax Court, the complaint is dismissed on the merits and with prejudice;

As to the Internal Revenue Service, the complaint is dismissed. Plaintiffs shall have ten days within which to file an amended complaint. The purpose of permitting an amendment is to allow the plaintiffs to allege, if it be the fact, that the request for disclosure was filed with the officers of the Internal Revenue Service

---

**6.** "For purposes of this section, the term 'agency' as defined in section 551(1) of this title includes any executive department, military department, Government corporation, Government controlled corporation, or other establish- ment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency." 5 U.S.C. § 552(e).

responsible for the information or, if plaintiffs did not know who was responsible, with the Director of the Internal Revenue Service for Montana.