OPINION OF THE COURT
Arthur W. Lonschein, J.
This is a motion to compel the production of certain school records of two pupils in a New York City public school. The plaintiff, a teacher in the school, sues the city, the board of education, the two pupils and their parents to recover damages for injuries allegedly sustained when the two pupils attacked him in his classroom. The pupils and their p¿rents apparently are in default. The plaintiff now moves to compel the city to produce at a deposition the medical and personal records of the students.
The city does not contest the materiality or the relevance of the records, and raises no issue of privilege. Its sole opposition to the motion is based on the 1974 amendments to the Federal General Education Provisions Act (known collectively as the Buckley Amendment) codified at section 1232g of title 20 of the United States Code. This statute withholds Federal funds from any “educational agency or institution which has a policy or practice of releasing, or providing access to, any personally identifiable information in education records * * * unless * * * (B) such *806 information is. furnished in compliance with judicial order, or pursuant to any lawfully issued subpoena, upon condition that parents and the students are notified of all such orders or subpoenas in advance of the compliance therewith by the educational institution or agency.” (US Code, tit 20, § 1232g, subd [b], par [2].)
This section does not set up a bar to the release of pupil records. Rather, it prescribes a fiscal sanction to be applied by the United States against a school system which allows too free an access to them. (Rios v Read, 73 FRD 589; Student Bar Assn. Bd. of Governors v Byrd, 293 NC 594.) The city and the board of education do not seek to prevent the release of the records, but ask the court to fashion an order so as to comply with the requirements of this statute.
While the act is not binding on the schools, much less this court, the court views the objectives of the act as being salutary, and intends to act within its spirit. Also, the court views it as sound judicial policy to occasion the least possible interference with the administration of the schools in this area and to avoid causing any disruption of essential Federal funding.
This case is highly unusual in that the party seeking disclosure asks for the records of only two specific pupils. Typical reported cases involving this statute concern the records of large numbers of pupils (see, e.g., Rios v Read, supra; Matter of Kryston v Board of Educ., 77 AD2d 896). The consequences of this are twofold. First, these pupils’ interest in the release of the records is much more intense than in the typical case, since they are not being exposed together with a larger group. Second, it will be impossible to provide anonymity for them.
The court’s first concern is to insure that the students involved have an opportunity to contest the release of the records. The statute places a burden on the schools to notify the students and parents in advance of compliance with a release order (US Code, tit 20, § 1232g, subd [b], par [2]). The regulations promulgated by the Federal Department of Health, Education and Welfare (HEW) reduce this requirement somewhat, so as to compel the schools to make *807 “a reasonable effort” to give such notification, again in advance of compliance with the order. (45 CFR 99.31 [a] [9].) At least one court has read into this section a requirement that the students be afforded an opportunity for a hearing in advance of release of the records. (Rios v Read, supra.)
The court is of the opinion that in this case the opportunity to be heard should be given before the court orders the release, and not merely before the release is made. The court declines to follow the procedure adopted in Rios v Read (supra), where the court first allowed the disclosure, and only then invited parents of any of children whose records were involved to object by letter prior to the actual release. Such a procedure, although suited to a case involving large numbers of students, is inappropriate here. This is particularly true in view of the board of education’s lack of opposition to the release on substantive grounds. This case is also to be distinguished from Matter of Kryston v Board of Educ. (supra), where the Appellate Division gave the pupils no opportunity to be heard, by the fact that in that case, the court was able to preserve the anonymity of the students. That obviously cannot be done here.
It is not sufficient, for purposes of giving this opportunity to be heard, that the pupils and their parents have been served with a summons and complaint in the action. Such process gave no notice of the proposed release of records. Further, the pupils’ possible interest in opposing release of their records is quite distinct from their interest in defending the action. The court would insist on notice to them even if they were not named as defendants. The requirement of notice to them is independent of their status as defendants. For that reason, their failure to appear, which operates as a waiver of service of most notices of motion, cannot be held to absolve the plaintiff of giving them notice of this application.
The court places the burden of giving notice on the plaintiff, whereas the act places it on the school system. (Mattie T. v Johnston, 74 FRD 498.) As previously observed, the typical case involving this act concerns large numbers of pupils, who can most readily be notified through the schools. In this atypical case the court believes *808 that the party seeking disclosure should properly be responsible for providing notice. In the court’s- view, such notice will satisfy the act and the HEW guidelines (supra), regardless of its source. This does not preclude the schools from giving additional notice, if so advised.
Accordingly, the court denies the motion with leave to renew, if so advised, after service of the motion papers on the pupils and their parents. Such service will be made by the moving party, and may be made in the same manner as a summons upon the pupils, or by certified mail, return receipt requested, to the pupils’ current home address as on record with the defendant board of education. The board shall release the addresses to the plaintiff upon request. Any opposition to the release of the records made by the pupils shall not be considered in and of itself as an “informal appearance” in the action under the doctrine of McGowan v Bellanger (32 AD2d 293) and Taylor v Taylor (64 AD2d 592).