*399 OPINION OF THE COURT
Arthur E. Blyn, J.
Petitioner pro se, by notice of amended verified petition and amended verified petition, seeks a judgment pursuant to CPLR article 78 and the New York Freedom of Information Law (FOIL) (Public Officers Law, § 84 etseq.) directing the respondent State Board of Law Examiners (Board) to make available to him for inspection and copying the information and documents requested in the amended verified petition, and costs, disbursements and reasonable attorney’s fees.
The petitioner sat for the bar examination of this State on February 24 and 25,1981. He was advised by the Board that he had passed that bar examination and he was admitted to practice law in this State by the Appellate Division, First Department, on July 7, 1981.
By letter dated July 31, 1981 petitioner requested of the Board certain information regarding his score on different portions of the bar examination and his percentile and over-all rank. By letter dated August 7, 1981 the Board advised petitioner of his score on the Multistate portion of the examination and otherwise responded to the inquiry of petitioner that “Neither a breakdown by subject from the Multistate exam, nor scores from the New York portion of the bar examination are made available to those who pass”. The letter was silent as to percentile and over-all rank.
Following the statutory scheme of internal appeal (Public Officers Law, § 89, subd 4, par [a]), petitioner wrote the Board on August 25, 1981. In addition to raising objection to the denial of access as aforesaid, petitioner expanded the scope of his demand in that letter to also include copies of his essays with his scores indicated thereon.
On September 8, 1981 the Board responded to petitioner as follows:
“Our Board’s rules do not provide for making the items enumerated in items 1 through 4 of your letter or the information you requested with respect to the essay questions available to successful candidates.
*400 “Furthermore, it is the position of the Board that as a part of the judicial branch of government, we are not subject to the Freedom of Information Law”.
The “wherefore” clause of the petition makes reference not only to the afore-described information and documents but further demands access to: copies of all questions and petitioner’s answers; copies of the key to the short answer questions and the model answers to the essay questions; all internal rules, etc., pertaining to the method of grading, formulating and preparing of essay questions and the New York short answer questions; the names, addresses, education, employment backgrounds and ages of all attorneys, law clerks, law assistants and paralegals who grade or assist in grading answers and/or formulating or preparing short answer questions and essay questions; and all.internal rules, etc., as to procedures wherein persons who fail the bar examination obtain further review of their scores.
The petition itself alleges in the first cause of action that the Board’s claimed exemption from disclosure under FOIL is erroneous as a matter of law and demands the full relief sought and, in the second cause of action, that the Board’s denial of access to petitioner of the information and documents demanded prior to the commencement of this proceeding is arbitrary and capricious when viewed in the light of the Board’s practice of the disclosure of this material to those who fail the examination.
The Board cross-moves for an order pursuant to CPLR 7804 (subd [f]) dismissing the amended petition on the grounds that it fails to state a cause of action. More specifically, the Board contends in its cross motion (1) this court lacks jurisdiction over this proceeding, citing subdivision 10 of section 90 of the Judiciary Law; (2) the Board as an agency or administrative office of the judiciary is exempt from FOIL; (3) petitioner lacks standing in this proceeding in that (a) having passed the examination, he is not aggrieved in any way, (b) no legitimate need has been demonstrated for the information sought, and (c), as previously indicated in reference to the scope of the relief demanded herein, some of the material now sought was not requested of the Board prior to this proceeding and thus is not within the scope of review (failure to exhaust adminis *401 trative remedies); (4) the common-law public interest privilege bars the relief sought; (5) the tremendous burden which would be imposed on the Board if the relief sought were granted; (6) the Board no longer has possession of some of the material sought (the Multistate questions and petitioner’s answers thereto) and the Board never compiled records or statistics regarding percentile or over-all rank.
Subdivision 10 of section 90 of the Judiciary Law provides in relevant part: “Any statute or rule to the contrary notwithstanding, all papers, records and documents upon the application or examination of any person for admission as an attorney and counsellor at law and upon any complaint, inquiry, investigation or proceeding relating to the conduct or discipline of an attorney or attorneys, shall be sealed and be deemed private and confidential. However, upon good cause being shown, the justices of the appellate division having jurisdiction are empowered, in their discretion, by written order, to permit to be divulged all or any part of such papers, records and documents. In the discretion of the presiding or acting presiding justice of said appellate division, such order may be made either without notice to the persons or attorneys to be affected thereby or upon such notice to them as he may direct” (Emphasis supplied.) The Board argues, without citation to other than the statutory language, that by reason of this statute the relief sought by petitioner, if available at all, is within the exclusive jurisdiction of the Appellate Division, in this case, First Department.
The court finds no basis for petitioner’s argument that the records sought by him at bar are not included in the phrase “application or examination”. That the records may not be physically located at the Appellate Division, or the fact that the Board disclosed petitioner’s Multistate score to him without an order of that court, is totally irrelevant. The plain intent of the phrase includes the physical records sought.
The court does conclude, however, that this statute is inapplicable to the proceeding before it.
All the reported decisions citing the statute, save one, deal with nonparties to disciplinary proceedings seeking access to records of those proceedings. One court in a CPLR *402 article 78 proceeding against the Board respondent at bar seeking to compel it to certify an applicant as having passed the bar examination, (Matter of Davidson v New York State Bd. of Law Examiners, 86 Misc 2d 744, 746), took the position in obiter dictum, citing the statute, that the examination papers under review were only available by application to the Appellate Division. In this court’s view the statute by its terms does not appear to apply to the person or attorney who is the subject of the record at issue. To construe the statute otherwise would totally negate the second underscored portion of the statute above quoted dealing with notice to the persons or attorneys affected. The court therefore finds no merit to this branch of the board’s argument in support of dismissal.[1]
Before turning to the exemption argument advanced by the Board, some general observations concerning the interpretation and construction of FOIL are in order.
In view of the fact that our statute was patterned after the Federal Freedom of Information Act (US Code, tit 5, § 552) it has been held that Federal case law is instructive on the interpretation of FOIL. (Matter of Fink v Lefkowitz, 47 NY2d 567, 572, n; Matter of McAulay v Board of Educ., 61 AD2d 1048.) It must be borne in mind in utilizing Federal authority, however, that FOIL is based upon a fundamental finding that the public should have unimpaired access to records (Public Officers Law, § 84) which its Federal counterpart is not (Matter of Dunlea v Goldmark, 54 AD2d 446, affd 43 NY2d 754).
The statute (Public Officers Law, § 89, subds 1, 2) created an administrative agency, the Committee on Public Access to Records, the acronym for which (COPAR) has been previously referred to. It is charged with overseeing and administering FOIL and, among other functions, it *403 issues opinions interpreting the statute. Such opinions, if rational and reasonable, should be upheld. (Matter of Miracle Mile Assoc. v Yudelson, 68 AD2d 176; Matter of Sheehan v City of Binghamton, 59 AD2d 808.)
Any discussion of exemption to FOIL should begin with the following statements of general approach set forth in Matter of Polansky v Regan (81 AD2d 102), citing, inter alia, Matter of Westchester Rockland Newspapers v Kimball (50 NY2d 575), Matter of Doolan v Board of Coop. Educational Servs., Second Supervisory Dist. of Suffolk County (48 NY2d 341) and Matter of Fink v Lefkowitz (supra), which citations have been omitted from the quotation ( p 103): “The Freedom of Information Law unequivocally makes all agency records open to the public unless they fall within one of its enumerated exceptions * * * All records are presumptively available and exemptions must be narrowly construed to ensure maximum access to public records * * * The burden of proof rests on the agency that claims an exemption from disclosure”.[2]
The nub of the controversy surrounding the Board’s claimed exemption from the statute is centered around the definitions contained in section 86 of the Public Officers Law. Therein “the judiciary” is excluded from the definition of agency and “judiciary” is defined as the courts of the State. The Board contends that it was the intent of the Legislature not only to exclude the judiciary from FOIL but to also exclude agencies performing functions for the judiciary.
In support of its argument the Board cites two Federal cases construing the Federal statute wherein the exemption for the judiciary is phrased in identical language. In neither does the court find support for the Board’s argument. In Ostheimer v Chumbley (498 F Supp 890) the court simply held that the Tax Court was a court and therefore exempt. In Cook v Willingham (400 F2d 885 [CCA 10th, 1968]) it was held that a presentence report submitted to *404 the Sentencing Court, which remains in the exclusive control of that court, was not an agency report since the court by definition is not an agency. While there is no unanimity among the circuits on this narrow question (see Carson v United States Dept. of Justice, 631 F2d 1008 [DC CCA, 1980]), it is clear that the basis for the holding in Cook (supra) was that the report was a court report and therefore exempt and offers no support for the Board’s position at bar. Nor does the court find Glatzer v Smith (73 AD2d 562) cited by the Board instructive. The one line opinion offers no insight into the facts and assuming they are accurately described in the Board’s memorandum the report which was the subject of the proceeding was again in the control of a court.
More germane to the question at issue is the holding in Babigian v Evans (104 Misc 2d 140) a FOIL proceeding against the Office of Court Administration (OCA). As does the Board at bar, OCA advanced the argument that it is part and parcel of the courts and therefore exempt. After citing the definitions and the legislative purpose embodied in section 84 of the Public Officers Law, Justice Tyler succinctly stated (p 142), “[OCA] does not exercise a judicial function, conduct civil or criminal trials, or determine pretrial motions. Respondent is not a ‘court’.” The Board points to the obviously different functions performed by it as opposed to OCA. That distinction does not alter the validity of the above-quoted statement as applied to the Board.
At bar, as in Babigian (supra), there is a COPAR opinion on the question. (Opn No. 797, April 28, 1978.) Therein its executive director concludes “since [the Board] is not a court, but rather an arm thereof, it is in my view subject to [FOIL]”.
The Board traces in depth its historical role in the bar admission process, citing the relevant sections of the Judiciary Law and Matter of Sugarman (51 AD2d 170), and advances its “intimate” relationship with the Court of Appeals. It does not logically follow, however, as argued by the Board, that it therefore must be considered part of the judiciary for FOIL purposes. The basic dichotomy of functions between the Board, administering the bar examina *405 tion, and the Appellate Divisions, ordering admission to the Bar of qualified persons, is clear and highlights the fundamental conclusion which remains unchanged that the Board is not a court.
This court thus concludes there is no merit to the Board’s argument that it is exempt from FOIL and denies the motion to dismiss on that ground.
Having previously determined that subdivision 10 of section 90 of the Judiciary Law has no applicability at bar, the Board’s alternative argument to its blanket or general exemption, the specific exemption of FOIL (Public Officers Law, § 87, subd 2, par [a], exempt from disclosure by State statute), is equally without merit. Moreover, having found that the Board is not part of the judiciary as defined in FOIL, there is no basis for the Board’s argument that FOIL is somehow a legislative encroachment on the judicial branch of government violative of the separation of powers doctrine.
Turning to the Board’s argument that petitioner lacks standing because he is not aggrieved and has demonstrated no legitimate need for the material sought, the statute contains no such conditions precedent to obtaining relief. In fact it has been held on both the State and Federal levels that a showing of need or interest in the records is irrelevant (Glantz v Scoppetta, 66 AD2d 716; Forsham v Califano, 587 F2d 1128, 1134, affd sub nom. Forsham v Harris, 445 US 169) and thus this argument affords no basis for dismissal.
Supported by no more than conclusory allegations of possible abuses if the relief sought is granted, the Board contends disclosure would be contrary to the public interest. Beyond the total lack of any evidentiary showing to support these allegations, the controversy concerning whether or not the public policy or interest privilege could be asserted in defense of a FOIL proceeding was laid to rest by the Court of Appeals in Matter of Doolan v Board of Coop. Educational Servs., Second Supervisory Dist. of Suffolk County (48 NY2d 341, supra) where the court stated (p 347), “The public policy concerning governmental disclosure is fixed by the Freedom of Information Law; the common-law interest privilege cannot protect from disclo *406 sure materials which that law requires to be disclosed”. Similarly rejected as without merit is the Board’s argument that the granting of the petition could set a precedent which if relied upon by others would impose a tremendous burden on it. (Matter of United Federation of Teachers v New York City Health & Hosps. Corp., 104 Misc 2d 623; see Matter of Trauernicht v Board of Coop. Educational Servs. of Nassau County, 95 Misc 2d 394.) There is thus no basis for dismissal on these grounds.
At this juncture the court defers discussion on the remaining arguments advanced by the Board inasmuch as they are not truly objections in point of law which, if valid, would require dismissal of the petition but would serve only to limit the scope of the relief petitioner is entitled to. The Board in its cross motion requests that in the event it is denied, it be permitted to file an answer pursuant to CPLR 7804 (subd [f]). The court is aware of the line of cases that stand for the proposition that it is inappropriate to grant a petitioner affirmative relief after having denied a respondent’s motion to dismiss without affording the right to answer. While there are circumstances where logic and fairness dictate strict adherence to this procedure, at bar the full record, such as it is, is before the court and the parties have exhaustively addressed themselves to and briefed the questions presented. Under these circumstances it would be a total waste of judicial time and effort, not to mention the time and effort and cost and expense to the parties, to require service of an answer merely recapitulating what is already before the court and renoticing the matter for hearing.
Having concluded the court may grant petitioner affirmative relief at this procedural juncture, the court turns to the remaining arguments advanced by the Board. Citing FOIL (Public Officers Law, § 89, subd 4, par [b]) and Matter of Cosgrove v Klingler (58 AD2d 910) the Board contends that since petitioner never requested the material listed under subdivision 2 of the “wherefore” clause, as discussed at the outset, he is barred from so doing in this proceeding by his failure to exhaust administrative remedies. Petitioner, relying on Watergate II Apts. v Buffalo Sewer Auth. (46 NY2d 52), argues he is not so precluded as *407 resort to his administrative remedy for the additional material at issue would have been futile.
In Matter of Cosgrove (supra), the court recognized the qualification of futility upon the exhaustion doctrine but held that in the case before it there had been no showing that the respondents’ denial of a prior application by the petitioner for certain information made a new application for different information fruitless. In view of the Board’s position at bar that it is totally exempt from FOIL the foregoing statement does not apply here where the papers submitted clearly demonstrate the futility of further requests. Accordingly, the court holds the exhaustion doctrine is no bar to the material at issue.
There is no FOIL requirement that an agency prepare any record or compile data which is not ordinarily prepared or compiled by it. (Public Officers Law, § 89, subd 3; Matter of Kryston v Board of Educ., 77 AD2d 896; Matter of Gannett Co. v County of Monroe, 59 AD2d 309, 313.) The Board makes no compilation of percentile or other rank and therefore petitioner’s demand for such is denied. Further, the Board relinquished possession of the Multistate questions and petitioner’s answers in the ordinary course prior to his request for any information from it. Therefore the demand for this material is denied. (See Public Officers Law, § 89, subd 3.) At bar, unlike the situation in Matter of Westchester Rockland News v Kimball, 50 NY2d 575, supra), involving a temporary relinquishment of possession, the Board has permanently surrendered control and has no reason to expect a return of the Multistate questions and petitioner’s answers.
In order to remove any possible ambiguous construction of paragraphs (a), (b), (c) and (e) of subdivision 2 of the “wherefore” clause — relating to internal rules, etc. — by definition (Public Officers Law, § 86, subd 4) the scope of such demands is limited to information in physical form. Moreover, although not raised by the Board, while the court finds the demand for the names and addresses (public office addresses) of those persons who grade or formulate questions within the ambit of the statute (Public Officers Law, § 87, subd 3, par [b]), it further finds that disclosure of their home addresses, educational and employment *408 backgrounds and ages would be an unwarranted invasion of personal privacy and therefore, such information is exempt. (Public Officers Law, § 87, subd 2, par [b]; § 89, subd 2.)
For the reasons hereinabove set forth the cross motion to dismiss the petition is denied and the petition is granted on the first cause of action, except to the extent hereinabove indicated. In view of this disposition there is no need to reach the questions raised in the second cause of action.
The final issue before the court concerns petitioner’s request for an award of costs, disbursements and reasonable attorney’s fees. While this proceeding was sub judice the Governor signed legislation ( L 1982, ch 73) amending FOIL by adding a paragraph (c) to subdivision 4 of section 89 to authorize such awards. Such legislation is effective October 15, 1982 and “shall apply only to actions commenced on or after such date.” Accordingly, petitioner’s request for such an award is denied.

. In so holding the court recognizes that the Committee on Public Access to Records (COPAR), the functions, etc., of which the court will shortly address, in Opinion No. 797, dated April 28,1978, expressed a contrary conclusion regarding the need to apply to the Appellate Division under the circumstances at bar. In expressing an opinion on other than FOIL (Public Officers Law, § 84 et seq.), in excess of its statutory authority, and arriving at an interpretation that is unreasonable in view of the plain language of the statute, the court rejects COPAR’s conclusion on the applicability of subdivision 10 of section 90 of the Judiciary Law.

. As is evident from some of the language employed these maxims are based, in part, on the enumerated specific exemptions contained in subdivision 2 of section 87 of the Public Officers Law. In this court’s view, considering the legislative declaration of section 84, these maxims are no less applicable at bar because of the Board’s position, infra, that it has a blanket or general exemption.