**WESTERN SERVICES, INC., a Colorado not-profit corporation, Plaintiff-Appellant,**

**v.**

**SARGENT SCHOOL DISTRICT NO. RE–33J, a Colorado body corporate, Defendant-Appellee.**

No. 84CA1123.

Colorado Court of Appeals, Div. I.

Jan. 2, 1986.

Rehearing Denied Jan. 30, 1986.

Certiorari Granted (Sargent) May 5, 1986.

**356**

Conover, McClearn & Heppenstall, P.C., Hugh J. McClearn, Denver, for plaintiff-appellant.

Caplan & Earnest, Richard E. Bump, Boulder, for defendant-appellee.

BABCOCK, Judge.

Plaintiff, Western Services, Inc., appeals the summary judgment entered in favor of defendant, Sargent School District No. RE-33J, dismissing its complaint under §§ 24-72-201, et seq., C.R.S. (1982 Repl.Vol. 10) (the public records act). Plaintiff seeks to obtain the Comprehensive Test of Basic Skills (CTBS) test scores, by grade level, coded to indicate the ethnic background of the test takers, of students enrolled in the defendant school district. The trial court determined the records to be "scholastic achievement data on individual persons," *see* § 24-72-204(3)(a)(I), C.R.S. (1982 Repl. Vol. 10), and thus, exempt from the requirement that "all public records shall be open for inspection by any person at reasonable times...." Section 24-72-203(1), C.R.S. (1982 Repl.Vol. 10).

We conclude that the records in the form requested by plaintiff are public records subject to plaintiff's inspection. Thus, the trial court erred in granting defendant's motion for summary judgment and in denying plaintiff's motion for summary judgment. Accordingly, we reverse and remand with directions.

The following facts are undisputed. Plaintiff is a non-profit corporation that works with interested persons in the San Luis Valley to assist school administrators and parents in improving the quality of education in schools attended by Hispanic children.

School districts in the San Luis Valley administer the CTBS test to all students within a district. The test results provide a means for evaluating the academic strengths and weaknesses of students individually and in comparison with other pupils of the same grade. These results also allow comparison of the relative performance of students enrolled in one school district with those enrolled in other school districts.

The defendant administers the CTBS test to its students annually. The results, compiled by McGraw-Hill, are provided to the defendant in three primary forms. There is a sheet for each class of a grade with two removable self-adhesive labels which contain the name and test results for each pupil. One is removed and placed in the child's cumulative folder, and one is removed and given to the child's parents. There is also a "class record sheet" which contains the individual test scores of each student in a class of a grade listed alphabetically. Finally, there is the "evaluators summary" which presents the total group scores of all students in each grade in comparison to various statistical norms and percentiles.

Plaintiff requested that defendant make available for its inspection the class record sheet with the names of the individuals tested deleted and the order of the test results scrambled and coded to reflect whether the test takers were of Anglo or Hispanic origin. Defendant denied plaintiff's request for inspection, concluding that the class record sheets contained "scholastic achievement data on individual persons" and, thus, that they were records exempt under § 24-72-204(3)(a)(I), C.R.S. (1982 Repl.Vol. 10).

Reflecting the public policy stated in § 24-72-201, C.R.S. (1982 Repl.Vol. 10), § 24-72-203(1), C.R.S. (1982 Repl.Vol. 10), provides that:

"All public records shall be open for inspection by any person at reasonable times, except as provided in this part II...."

Section 24–72–204(1), C.R.S. (1982 Repl.Vol. 10) states:

"The custodian of any public records shall allow any person the right of inspection of such records or portion thereof except. . . .

Among the listed exceptions § 24–72–204(3)(a), C.R.S. (1982 Repl.Vol. 10) provides:

"The custodian shall deny the right of inspection of the following records. . . .

"(I) . . . scholastic achievement data on individual persons. . . ."

Thus, public records are presumptively open for inspection except as provided in the public records act itself or as otherwise provided by law. *See Denver Publishing Co. v. Dreyfus,* 184 Colo. 288, 520 P.2d 104 (1974); *see also State ex rel. Stephan v. Harder,* 230 Kan. 573, 641 P.2d 366 (1982); *United Federal of Teachers v. New York City Health & Hospitals Corp.,* 104 Misc.2d 623, 428 N.Y.S.2d 823 (1980).

Plaintiff argues that, although the class record sheet contains exempt scholastic achievement data on individual persons, it also contains nonexempt group scholastic data. Consequently, plaintiff contends that, under the public records act, there exists an implied duty to delete the names of the individual students, scramble the order of the test results, and code the record to reflect the fact of the ethnic origin of the test takers. Defendant claims, however, that to do so would be to create a new public record, contrary to the provisions of the act providing for inspection of existing writings only. We agree with the plaintiff.

It is undisputed that the self-adhesive labels containing the names of the individual students and their test scores constitute scholastic achievement data on individual persons exempt from disclosure under the public records act. It is also undisputed that the evaluator's summary sheet constitutes a group record subject to public inspection. We conclude that the class record sheet, as a group scholastic achievement record, which also contains the names of those individuals who compose the group, is a record which contains both exempt and nonexempt data.

The public records act is silent as to the treatment of records which contain some data subject to and other data exempt from public inspection. Relying on similar expressions of legislative policy as that contained in § 24–72–201, C.R.S. (1982 Repl. Vol. 10), other courts have uniformly recognized a duty under state disclosure laws to delete exempt materials from public records otherwise open for public inspection. *See Northern California Police Practices Project v. Craig,* 90 Cal.App.3d 116, 153 Cal.Rptr. 173 (1979); *Griffin-Spalding County Hospital Authority v. Radio Station WKEU,* 240 Ga. 444, 241 S.E.2d 196 (1978); *State ex rel. Stephan v. Harder, supra; I.B.M. Corp. v. State Department of Treasury,* 71 Mich.App. 526, 248 N.W.2d 605 (1976); *Kryston v. Board of Education,* 77 A.D.2d 896, 430 N.Y.S.2d 688 (1980); *Hearst Corp. v. Hoppe,* 90 Wash.2d 123, 580 P.2d 246 (1978); *Sheridan Newspapers, Inc. v. City of Sheridan,* 660 P.2d 785 (Wyo.1983).

Under our act, public records are presumptively open for public inspection, and there is no specific exemption for records that contain both exempt and nonexempt data. Thus, we will not construe it to prohibit inspection of that information which is otherwise subject to inspection simply because it exists together in the record with exempt information. *See Denver Publishing Co. v. Dreyfus, supra.* To construe our public records act otherwise would permit any record which an agency is required by law to keep to be rendered inaccessible to public scrutiny by including confidential material therein. *See State ex rel. Stephan v. Harder, supra.*

■ We hold that under our public records act there exists an implied duty to delete exempt information from that which may be disclosed, *see State ex rel. Stephan v. Harder, supra,* and to structure the record to provide the information which the public is entitled to have. *See Sheridan Newspapers, Inc. v. City of Sheridan, su-*

*pra.* Here, that duty includes scrambling the order of the test takers contained in the class record sheet and coding the Hispanic surnamed individuals to show their ethnic origin. We also conclude that the record so structured does not constitute the "creation" of a new public record. *See State ex rel. Stephan v. Harder, supra; Kryston v. Board of Education, supra; Sheridan Newspapers, Inc. v. City of Sheridan, supra.*

Defendant attempts to distinguish ours from other state disclosure laws and the Federal Freedom of Information Act, 5 U.S.C. § 552(a), asserting that our act is a "records" law only and does not call for the disclosure of "information." For the purposes of this case this is a distinction without a difference. Information does not exist in a vacuum. Rather, a "record" by its very nature exists to impart the information contained in it.

Finally, if there are so few individuals of Hispanic or Anglo origin listed on a class record sheet that their identity would readily be determinable even though the names are scrambled and coded, *see Seigle v. Barry,* 422 So.2d 63 (Fla.Dist.Ct.App. 1982), a remedy exists under the public records act in that the custodian may apply to the district court for an order permitting restriction of disclosure. *See* § 24–72–204(6), C.R.S. (1982 Repl.Vol.10).

The judgment is reversed and the cause is remanded with directions to enter summary judgment in favor of plaintiff.

PIERCE and KELLY, JJ., concur.