■ VINCENT K. MURTHA et al., Appellants, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent. [714 NYS2d 669] —Order, Supreme Court, Bronx County (Stanley Green, J.), entered April 5, 1999, which, in this personal injury action, granted plaintiffs' motion to compel discovery insofar as to direct defendant to deliver the academic and behavioral records of Ramsey M'Badiwe to the court for in camera inspection, but denied plaintiffs' request for additional depositions, unanimously modified, on the law and the facts, to vacate the grant of said motion to compel and to remand for reconsideration of said motion subsequent to the appointment of a guardian ad litem to represent Mr. M'Badiwe's legal interests in connection therewith, and otherwise affirmed, without costs.

Inasmuch as Mr. M'Badiwe, an individual over the age of 18, has not consented to the release of his public school records, and the record provides strong indication that Mr. M'Badiwe is unable to meaningfully oppose disclosure of those records, the appointment of a guardian ad litem is necessary to ensure that Mr. M'Badiwe is provided meaningful notice of and opportunity to be heard in opposition to plaintiffs' motion to compel the release of said records. Appointment of a guardian ad litem to represent Mr. M'Badiwe's legal interests in the present context comports with the spirit of the Buckley Amendment (20 USC § 1232g [b] [2]; *see, Sauerhof v City of New York*, 108 Misc 2d 805, 806) and with the Regulations of the Schools Chancellor.

Plaintiffs' request for additional and/or continued depositions was properly denied at this juncture since they failed to dem-

onstrate a substantial likelihood that the grant of their motion would lead to the disclosure of evidence material and necessary to their case (*Zollner v City of New York*, 204 AD2d 626). Concur—Tom, J. P., Ellerin, Lerner, Andrias and Saxe, JJ.